EL PUEBLO DE PUERTO RICO, peticionario, *v.* RICHARD PIE-TRI VILLANUEVA, acusado y recurrido.

*Número:* CE-89-350      *Resuelto:* 16 de octubre de 1989

*Aleida Varona Méndez,* abogada de la Comisión para los Asuntos de la Mujer de la Oficina del Gobernador.

## RESOLUCIÓN

A la solicitud de la Comisión para los Asuntos de la Mujer de la Oficina del Gobernador para intervenir como *amicus curiae,* no ha lugar.

Lo acordó el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón emitió voto particular de conformidad. Los Jueces Asociados Señores Negrón García y Hernández Denton concederían la solicitud de *amicus curiae* de la Comisión para los Asuntos de la Mujer de la Oficina del Gobernador.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Voto particular explicativo de la Juez Asociada Señora Naveira de Rodón.

Ante nosotros comparece la Comisión para los Asuntos de la Mujer de la Oficina del Gobernador (en adelante la Comisión) y solicita comparecer como *amicus curiae* en el caso de epígrafe.

I

*La figura del amicus curiae*

Traducido literalmente *amicus curiae* significa "amigo de la corte". Nuestro ordenamiento lo contempla en la Regla

43 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A. Dicha regla establece lo siguiente:

> El Tribunal motu proprio o a solicitud de cualquier parte realmente interesada podrá autorizar o invitar la comparecencia de la misma como *amicus curiae* en cualquier caso que se ventile ante el Tribunal. A menos que el Tribunal ordenare otra cosa, la petición deberá ser radicada por lo menos diez días antes de ser sometídole el asunto para decisión.

En cuanto a los orígenes de esta figura nos remitimos a lo expresado en *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 126–127 (1980).

En *Pueblo v. González Malavé*, 116 D.P.R. 578, 580 (1985), expresamos que las características esenciales de esta figura "son las siguientes: (1) la comparecencia no se funda en un derecho, sino en un privilegio sujeto a la sana discreción del tribunal; (2) su participación se justifica en casos revestidos de interés público; (3) más que al interés del *amicus curiae*, debe responder a las necesidades del tribunal con el propósito de estar mejor informado, y (4) 'no debe darse la intervención para que se convierta en una parte del litigio'".

Un vez establecidas estas características o criterios, pasaremos a determinar si la solicitud hecha por la Comisión para que se le nombre como *amicus curiae* cumple con los mismos.

## II

*Aplicación de los criterios a la solicitud de la comisión*

### A. *El carácter discrecional de la participación*

La primera de las características señaladas, más que un criterio, es una norma cautelar dirigida a los tribunales. Un tribunal no debe aceptar o rechazar livianamente una solicitud de intervención como *amicus curiae*. En *Pueblo ex rel. L.V.C.*, supra, pág. 129, indicamos que el tribunal, al decidir

si acepta o rechaza la intervención del *amicus curiae*, debe tomar en consideración factores tales como "el interés público del asunto bajo consideración, lo novel de las cuestiones planteadas, el alcance de la adjudicación que haya de hacerse en cuanto a terceros que no son parte en el litigio, *las cuestiones de política pública que puedan estar planteadas, la magnitud de los derechos que puedan estar en juego, etc.*". (Énfasis suplido.) Allí también expresamos que "[n]inguna persona o entidad, y ningún abogado, tiene derecho a intervenir como *amicus curiae* en un litigio. Su autorización para hacerlo debe responder, más que a su interés, a la necesidad del tribunal y a su propósito de estar mejor informado para hacer la más cumplida justicia". Íd. Aun cuando "[n]o puede haber criterios fijos limitativos ni particularizadores de los factores a tomarse en consideración" (íd.) para el nombramiento de un *amicus curiae*, en el sano ejercicio de su facultad discrecional, el tribunal debe ponderar la solicitud de intervención y aceptarla en la medida en que la misma cumpla, al menos, con los criterios previamente señalados y que discutiremos a continuación.

## B. *El elemento del interés público*

Un procedimiento seguido en los tribunales puede estar revestido de interés público por diversas razones. Puede tratarse de un caso que plantee una controversia que envuelva una cuestión de política pública del Estado o muy bien puede ser una situación que, debido al impacto que produce en la sociedad, adquiere un alto contenido de interés público general.

No abrigamos ninguna duda en cuanto al hecho de que el procedimiento que se sigue contra el Sr. Richard Pietri Villanueva está matizado de un gran interés público. Ha sido objeto de una amplia cobertura por parte de los medios noticiosos del país. Además, los hechos constitutivos del delito por el cual fue convicto el señor Pietri Villanueva son pro-

ducto de una situación que afecta a nuestra sociedad, conocida como violencia doméstica. Recientemente, como respuesta a esta realidad social insoslayable, la Asamblea Legislativa aprobó la Ley Núm. 54 de 15 de agosto de 1989 (8 L.P.R.A. sec. 601 *et seq.*), mediante la cual "[e]l Gobierno de Puerto Rico reconoce que la violencia doméstica es uno de los problemas más graves y complejos que confronta nuestra sociedad" y establece como política pública del Estado Libre Asociado el "dar énfasis a atender las dificultades que las situaciones de violencia doméstica presentan . . .". Art. 1.2 de la Ley Núm. 54, *supra*, 8 L.P.R.A. sec. 601.

Sin embargo, el interés público que revista un caso no es un factor a considerarse por sí solo, sino que tiene que balancearse con —entre otros factores— la magnitud del derecho en juego en cada caso. *Pueblo ex rel. L.V.C.*, supra.

En un caso de naturaleza civil, el análisis para determinar si se acepta o se rechaza la solicitud (aunque igualmente necesario) no requiere tanta rigurosidad como cuando se trata de un procedimiento de naturaleza criminal. Aquí el derecho en juego —por lo general, y sobre todo en casos de delitos graves— es el derecho que tiene todo individuo a la libertad. El señor Pietri Villanueva fue convicto por el delito de homicidio voluntario y está ante nuestra consideración la determinación de si se revoca o no la resolución del tribunal de instancia que le impuso una sentencia suspendida. Estamos dirimiendo un asunto muy delicado que incide directamente con el derecho del señor Pietri a su libertad. Desde esta perspectiva, el derecho en juego en este caso, por ser fundamental, del más profundo entronque en nuestro sistema de vida democrático, debe ser seriamente considerado al momento de decidir si se acepta o se rechaza la solicitud de intervención como *amicus curiae*.

## C. *El propósito de informar al tribunal*

La función primordial del *amicus curiae*, y tal vez su más valiosa aportación, debe ser proporcionarle al tribunal toda aquella información necesaria y pertinente para la solución de las controversias traídas ante su consideración. La información debe ser de tal naturaleza que sea difícil el acceso a ella a través de vías ordinarias permisibles a los tribunales. La medida en que la información que el *amicus curiae* aporte al tribunal sea accesible a éste mediante mecanismos procesales ordinarios,(1) es un factor que media contra la concesión de la solicitud de intervención. *Pueblo ex rel. L.V.C.*, supra.

La información que aporte el *amicus curiae* debe ser objetiva y estar dirigida a ilustrar al juzgador en materias noveles, técnicas o que impliquen un alto grado de dificultad, sin que esto se entienda como un listado taxativo y excluyente.

Una lectura y un análisis detallado de la solicitud presentada por la Comisión nos lleva a concluir que sólo la parte II(2) de la misma cumple con la función de informar al tribunal de acuerdo con el criterio que hemos discutido. Lamenta-

_____

(1) En *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 129 (1980), mencionamos los mecanismos procesales ordinarios siguientes: "el nombramiento de comisionados especiales, de peritos del tribunal, y las reglas sobre descubrimiento de prueba". Por lo general, estos mecanismos son utilizados más frecuentemente en instancia. Nada impide que algunos de ellos puedan ser utilizados en un procedimiento apelativo o revisor. Puede acudirse a otros mecanismos.

(2) La parte II de la solicitud ha sido intitulada como "Análisis del Problema de Violencia Doméstica". Es una exposición de información muy valiosa que ayuda a entender las causas de la violencia doméstica y, sobre todo, a enfrentar este serio problema con el fin de erradicarlo. Expone las distintas modalidades de violencia doméstica y sus efectos en la sociedad.

Los datos e información recopilados por la Comisión para los Asuntos de la Mujer de la Oficina del Gobernador pueden ser de mucha ayuda a nuestros tribunales en la aportación del sistema judicial a la solución de este comportamiento que afecta a la familia puertorriqueña. Sin embargo, deben ser presentados de forma tal que puedan ser admitidos sin lesionar los derechos y garantías de las partes.

blemente el resto de la solicitud de intervención se aparta de lo que hemos conceptualizado como la función informativa del *amicus curiae*. En esta medida, no podemos aceptar en su totalidad la solicitud de intervención que la Comisión ha presentado.

### D. *La conversión del amicus curiae en parte*

En ocasiones anteriores hemos expresado que los tribunales no deben admitir un *amicus curiae* para que se convierta, mediante su intervención, en una parte formal en el litigio que se tramita. *Pueblo ex rel. L.V.C.*, supra. En la medida en que la intervención tenga el efecto de convertirlo en parte, coloca en una situación de desventaja a la parte a quien no le favorezca dicha intervención. Esto debe evitarse sobre todo en un proceso de naturaleza criminal. Permitirlo equivaldría a revivir "la descartada figura del fiscal especial privado", la cual ha sido superada por nuestro sistema de justicia criminal desde 1974. *Pueblo ex rel. L.V.C.*, supra, pág. 130.

La solicitud de intervención presentada por la Comisión, de ser aceptada tal y como está redactada en todas sus partes, la convertiría en parte en el litigio. La colocaría en un rol "coprotagonista en la función clásica de fiscal acusador". *Pueblo v. González Malavé*, supra, pág. 582.

En la parte III de su solicitud de *amicus curiae* la Comisión, adoptando una posición activa y fiscalizadora, aquilata y argumenta la prueba que desfiló contra el señor Pietri Villanueva para culminar en su solicitud de que dejemos sin efecto la resolución de instancia que le concedió sentencia suspendida al convicto señor Pietri. Tal participación es impermisible por ser totalmente ajena al concepto de *amicus curiae* y, como tal, lesiva a los derechos del recurrido.

## III

*Conclusión*

Lo antes expuesto nos lleva a concluir que a pesar del gran interés público que reviste este caso deben prevalecer los derechos del recurrido, pues la solicitud de la Comisión va más allá de la función primordial de informar al tribunal hasta colocarla en la posición de parte acusadora.

Si dicha solicitud fuera presentada de acuerdo con los criterios que hemos discutido, no tendría duda alguna en votar a favor de que sea admitida. De la forma que ha sido redactada, su admisibilidad es simplemente inaceptable.