EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Watchtower Bible and Tract Society of New York, Inc., et al. Recurridos v. Municipio de Dorado, et al.; United States District Court for the District of Puerto Rico Peticionarios | Certificación 2013 TSPR 149 189 DPR ____ |
|---|---|

Número del Caso: CT-2013-14

Fecha: 16 de diciembre de 2013

Abogado de la Parte Peticionaria:

      Lcdo. Iván Pasarell Jové

Abogados de la Parte Recurrida:

      Lcda. Nora Vargas Acosta
      Lcdo. Paul D. Polidoro

Materia: Derecho Reales y Ley Hipotecaria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Watchtower Bible and Tract
Society of New York, Inc., et
al.
    Recurridos

v.

Municipio de Dorado, et al.;

United States District Court
for the District of
Puerto Rico
    Peticionarios

Certificación

CT-2013-0014

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de diciembre de 2013.

Examinada la *Moción de la ACLU Solicitando Autorización y Tiempo para Comparecer como Amicus Curiae* presentada por la American Civil Liberties Union (ACLU) el 9 de diciembre de 2013, se declara *no ha lugar*. Conforme al derecho vigente y la controversia específica que tenemos ante nuestra consideración en el caso de epígrafe, esa solicitud resulta improcedente.

En Pueblo ex. rel. L.V.C., 110 D.P.R. 114 (1980), tuvimos la oportunidad de expresarnos por primera vez sobre la figura del *amicus curiae*. En lo pertinente, expresamos que aunque los orígenes de esa figura no son del todo claros, en principio se conceptualizó como un ente neutral dentro del proceso litigioso, sin interés en la causa de acción llevada ante el tribunal. Íd., pág. 127. No obstante, con el paso del tiempo la concepción del amigo de la corte ha ido ampliándose para aceptar que la comparecencia sea una activa en defensa de ciertos intereses públicos o privados. Íd.

Así, la figura del *amicus curiae* sirve para propiciar que el tribunal, en vez de limitarse a las consecuencias inmediatas de su decisión para las partes litigantes, pondere, con mayor detenimiento, las repercusiones que la norma jurídica planteada tendría para otras partes

interesadas. <u>Gorbea Vallés v. Registrador</u>, 133 D.P.R. 308, 312 (1993). Véase, además, <u>Pueblo v. González Malavé</u>, 116 D.P.R. 578, 596 (1985).

Ahora bien, el nombramiento de un *amicus curiae* es una determinación **discrecional** del tribunal. <u>Íd.</u>, pág. 591. Cónsono con ello, la autorización a comparecer como amigo de la corte debe responder a la **necesidad del Tribunal de estar mejor informado** para atender adecuadamente la controversia específica ante nuestra consideración, más allá del interés particular del solicitante. Al respecto, en <u>Hernández Torres v. Hernández Colón et al.</u>, 127 D.P.R. 974, 977 (1991), recogimos las características que nuestra jurisprudencia ha englobado en la figura del amigo de la corte. Así, establecimos que:

> (a) su comparecencia no es de derecho, sino que está sujeta a la sana discreción del Tribunal; (b) se justifica su participación en aquellos casos que estén revestidos de interés público; **(c) su comparecencia debe responder principalmente a las necesidades del Tribunal de estar informado más que al mismo interés del amicus curiae**, y (d) el amicus curiae, no puede convertirse en una parte del litigio. (Énfasis suplido).

De esa forma, podemos concluir que la intervención de un amigo de la corte no es un derecho, sino que se trata de una intervención permitida, **según dicte la sana discreción del tribunal, con el objetivo de ilustrar al tribunal sobre el derecho aplicable a la controversia, según ello se requiera.** J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., Publicaciones J.T.S., San Juan, 2011, T. II, pág. 801. La función de un amigo de la corte no es acudir al tribunal a vindicar derechos. <u>Íd.</u>

En el caso de epígrafe, el 17 de julio de 2013 emitimos una Resolución mediante la cual acogimos el recurso de Certificación Interjurisdiccional presentado por la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico. En aquella ocasión, específicamente dispusimos que "[s]e emite un auto de certificación **para auscultar únicamente si las leyes de Puerto Rico permiten la existencia de calles privadas**". <u>Íd.</u> (Énfasis suplido). Siendo así, emitimos la certificación para considerar exclusivamente una controversia relacionada a las materias de derechos reales y derecho registral inmobiliario.

En la moción presentada, la ACLU expone que su comparecencia como amigo de la corte "en consideración a su larga trayectoria en la defensa de los **derechos y libertades civiles** de todos los ciudadanos, asistirá a este

Honorable Tribunal a estar más informado sobre las cuestiones planteadas sin convertirse en una parte en la controversia". Véase *Moción de la ACLU Solicitando Autorización y Tiempo para Comparecer como Amicus Curiae*, pág. 3. (Énfasis suplido). Así, la ACLU ofrece comparecer como amigo de la corte a fin de ilustrar a este Tribunal en temas relacionados a derecho constitucional, lo cual resulta innecesario en este caso, porque la controversia se relaciona con las materias de derechos reales y derecho registral inmobiliario. El asunto constitucional que planteaba este caso no está ante nos. De hecho, el 7 de septiembre de 2012, en el caso CT-2012-10, rechazamos expresamente adentrarnos en la controversia constitucional, porque ya el Tribunal de Apelaciones para el Primer Circuito había emitido su decisión sobre ese asunto. Watchtower v. Sagardía De Jesús, 634 F. 3d 3, 11-12 (1er Cir. 2011). La controversia de este caso surge mientras se implementaba la decisión de ese foro.

En consideración a lo anterior, no se cumple los factores que enumera nuestra jurisprudencia para que proceda una petición de amigo de la corte. Gorbea Vallés v. Registrador, supra; Hernández Torres v. Hernández Colón et al., supra; Pueblo v. González Malavé, supra; Pueblo ex rel. L.V.C., supra. Por ello, declaramos *no ha lugar* la *Moción de la ACLU Solicitando Autorización y Tiempo para Comparecer como Amicus Curiae*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta concurre con el resultado y hace constar las siguientes expresiones:

> Reconozco el interés que la ACLU pueda tener en la controversia ante nuestra consideración, pero, entiendo que su comparecencia no es necesaria para que este Tribunal resuelva la controversia certificada, como tampoco me parece necesaria la participación de DBR Dorado Owner, LLC, Coco Beach Maintenance, Inc., y Serrallés Hotel, Inc. Ahora bien, una vez una mayoría de este Tribunal aceptó que esas compañías dueñas de complejos residenciales-hoteleros participaran como amigos de la corte, entendí prudente invitar al Departamento de Justicia para que expusiera la posición del Estado sobre la controversia. Con ello se asegura que tengamos ante nuestra consideración las diferentes interpretaciones y posturas sobre lo que es una cuestión de estricto derecho local. Siendo ello así, no procede conceder la petición de la ACLU.

El Juez Asociado señor Estrella Martínez concurre con el resultado y hace constar las siguientes expresiones:

> Concurro con declarar no ha lugar la solicitud de la American Civil Liberties Union (ACLU) para comparecer como *amicus curiae* en el caso de epígrafe, al igual que lo hice cuando idéntica solicitud fue formulada por DBR Dorado Owner, L.L.C., Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc. Es mi criterio que la controversia que este Tribunal tiene ante su consideración es puramente de derecho local que se limita a resolver si las leyes de Puerto Rico permiten o no la existencia de calles privadas. La comparecencia de la ACLU, aunque bien intencionada, tiene otra dimensión, a saber: en torno a asuntos relacionados a la libertad de expresión y libertad de religión en Puerto Rico. Ciertamente, la ACLU es una organización que se ha destacado en la defensa de los derechos y libertades civiles, sin embargo, su comparecencia en esta controversia no es determinante para la adecuada adjudicación del asunto ante nuestra consideración. Igual razonamiento utilicé cuando DBR Dorado Owner, L.L.C., Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc. presentaron su solicitud de *amicus curiae*, por lo que he sostenido que tampoco procedía la intervención de éstos en el caso ante este Tribunal. Así, ha sido mi postura que este Tribunal debe enfocarse en el verdadero asunto ante nuestra consideración para disponerlo de la forma más eficiente.

La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente al que se une el Juez Presidente señor Hernández Denton.


                           Aida Ileana Oquendo Graulau
                           Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Watchtower Bible and Tract Society of New York, Inc., *et al.*,<br><br>Recurridos<br><br>v.<br><br>Municipio de Dorado, *et al.*; United States District Court for the District of Puerto Rico<br><br>Peticionarios | CT-2013-0014 |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 16 de diciembre de 2013

Disiento del curso seguido por una mayoría de este Tribunal de proveerle no ha lugar a la solicitud presentada por la American Civil Liberties Union ("ACLU") para comparecer como amigo de la corte en la controversia ante nuestra consideración. En este caso, en el contexto de una demanda presentada por una organización religiosa ante la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico para que, en virtud del derecho a la libertad de expresión y de religión, se le permita el acceso a las urbanizaciones con control de acceso en Puerto Rico, una mayoría de este Tribunal decidió acoger la pregunta certificada por el foro primario federal para determinar si en Puerto Rico pueden existir calles privadas. Esto a raíz de la alegación del Municipio de Dorado y la urbanización Brighton Country Club quienes sostienen que, debido a que las calles de esta urbanización son privadas, los demandantes federales no tienen derecho a acceder a esta urbanización. El foro federal ha ordenado a los municipios demandados a garantizar la entrada de los miembros de la

organización religiosa a las urbanizaciones con control de acceso.

Una vez accedimos a la petición de certificación, el 14 de noviembre de 2013 señalamos una vista argumentativa a celebrarse el 11 de febrero de 2014. A su vez, en esa misma fecha, atendimos una solicitud de comparecencia como amigos de la corte presentada conjuntamente por DBR Dorado Owner LLC, Coco Beach Maintenance, Inc. y Serallés Hotel, Inc. En la solicitud, éstas sostuvieron que son "dueñas de complejos turísticos-residenciales que contienen hoteles, campos de golf, condo-hoteles, residenciales y diferentes establecimientos y productos turísticos" y que la determinación de este Foro podría "afectar considerablemente el valor de estas propiedades" y el "interés de terceros en invertir en este tipo de proyectos". Por tanto, alegaron que favorecen la determinación de que en Puerto Rico existan calles privadas, pues de lo contrario se expondrían a daños y se propiciaría el derrumbe de la industria turística en Puerto Rico. Una mayoría de este Tribunal decidió aceptar la comparecencia de estas entidades como amigos de la corte y a esos efectos se les concedió un término para presentar sus alegatos y un término simultáneo de diez (10) minutos para exponer su posición en la vista argumentativa. Posteriormente, el 22 de noviembre de 2013 una mayoría de este Tribunal decidió invitar al Departamento de Justicia para que compareciera como amigo de la corte en esta

controversia. Igualmente, se le concedió un término para que expresara su posición.

Hoy, sin embargo, una mayoría deniega la solicitud de comparecencia como *amicus curiae* presentada por la ACLU. Esta organización solicitó comparecer en esta controversia por entender que "incide directamente con el derecho de las personas a ejercer la libre expresión y libertad religiosa"; específicamente, con el derecho de los miembros de las organizaciones religiosas de "tener acceso a los espacios públicos, según designados y definidos por la ley y la jurisprudencia, con el fin de difundir su fe y sus ideas". Así, considerándose una organización que busca defender y proteger los derechos y libertades civiles, con una larga trayectoria en Puerto Rico y en Estados Unidos, solicitaron que se les permitiera su comparecencia en este caso.

Dentro de este contexto, y ante la liberalidad asumida por este Tribunal en la admisión e invitación de amigos de la corte en esta controversia, resulta forzoso concluir que debemos acceder a la solicitud de comparecencia de la ACLU. Independientemente de la corrección de la determinación inicial de aceptar la comparecencia de los desarrolladores, DBR Dorado Owner LLC, Coco Beach Maintenance, Inc. y Serrallés Hotel Inc. como amigos de la corte, al haber permitido esta comparecencia que, dicho sea de paso, nos adelantan es para argüir en contra de los intereses de los demandantes federales, nos parece que como mínimo, este

Tribunal debe ejercer la misma liberalidad que ejerció al aceptar con beneplácito a los primeros y acceder a la petición de la ACLU. El efecto de nuestra denegatoria permite la inferencia de apariencia de parcialidad hacia uno de los intereses en la controversia. Si ya le concedimos la oportunidad de ser oídos a los desarrolladores, deberíamos darle la misma oportunidad a quienes defienden los derechos civiles de los ciudadanos.

Finalmente, se señala que la petición presentada es tardía ya que este Tribunal ha calendarizado la vista argumentativa y el tiempo que las partes han de tener para presentar sus argumentos. No obstante, la vista argumentativa para este caso está pautada para el 11 de febrero de 2013. Es decir, contamos con al menos dos meses para realizar los ajustes necesarios que, francamente, no aparentan ser muy complicados. Acceder a la solicitud presentada no dilatará la tramitación de este caso.

Por todo lo cual, accedería a la petición presentada por la ACLU, le concedería un término de quince (15) días para presentar su alegato y ampliaría el término concedido a los amigos de la corte de diez (10) a quince (15) minutos para exponer su posición en la vista argumentativa.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada