EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Tomás Torres Rivera<br><br>Peticionario | Certiorari<br><br>2020 TSPR 41<br><br>204 DPR ____ |

Número del Caso: CC-2019-916

Fecha: 5 de mayo de 2020

Tribunal de Apelaciones:

   Región Judicial de Carolina-Guayama, Panel Especial

Abogados de la parte peticionaria:

   Lcda. Jessica E. Méndez Colberg
   Lcdo. Rolando Emmanuelli Jiménez

Oficina del Procurador General:

   Lcdo. Isaías Sánchez Báez
   Procurador General

   Lcdo. Pedro Vázquez Montijo
   Subprocurador General

   Lcda. Marie Díaz De León
   Procurador General Auxiliar

   Lcda. Mónica M. Rodríguez Madrigal
   Procurador General Auxiliar

Materia: Solicitud para comparecer como amigos de la Corte al amparo de la Regla 43 del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Pueblo de Puerto Rico

    Recurrido

       v.                **Núm.** CC-2019-0916

Tomás Torres Rivera

    Peticionario


RESOLUCIÓN

San Juan, Puerto Rico, a 5 de mayo de 2020

Examinada la *Moción Solicitando Autorización para Comparecer como Amigos de la Corte al Amparo de la Regla 43 del Tribunal Supremo* presentada por la Unión Independiente de Abogados de la Sociedad para la Asistencia Legal, el *Puerto Rico Association of Criminal Defense Lawyers*, y el Proyecto A.D.N. Post Sentencia de la Escuela de Derecho de la Universidad de Puerto Rico, se provee no ha lugar.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres proveería ha lugar. El Juez Asociado señor Estrella Martínez proveería ha lugar y emitió un voto particular disidente.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Tomás Torres Rivera<br><br>Peticionario | CC-2019-0916 | *Certiorari* |

Voto particular disidente emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ.

San Juan, Puerto Rico, a 5 de mayo de 2020.

Discrepo de la determinación de una mayoría de este Tribunal de denegar las solicitudes de amicus curiae presentadas por la Unión Independiente de Abogados de la Sociedad para la Asistencia Legal, la Puerto Rico Association of Criminal Defense Lawyers, y el Proyecto ADN Post Sentencia de la Escuela de Derecho de la Universidad de Puerto Rico en el caso de epígrafe. Las referidas entidades solicitan ser amigas de la corte en uno de los casos de mayor impacto en la administración del sistema de justicia criminal, en el cual se dilucida el alcance de la garantía de requerir un veredicto por unanimidad en juicios por jurado, como consecuencia del reciente precedente emitido por la Corte Suprema Federal en Ramos v. Lousiana, infra.

En <u>Gorbea Vallés v. Registrador</u>, 133 DPR 308 (1993), reiteramos el enfoque liberal de la vigente Regla 43 de nuestro Reglamento y reconocimos que es mucho más flexible que el Reglamento del Tribunal Supremo Federal. Por tanto, expresamos lo siguiente:

> [N]uestra regla trasciende el ámbito limitado del sistema adversativo para aumentar las oportunidades de participación de los amigos de la corte; para propiciar que esta Curia, en vez de limitarse a las consecuencias inmediatas de su decisión para las partes litigantes, pondere, con mayor detenimiento, las repercusiones que <u>la norma jurídica</u> planteada tendría para otras partes interesadas. Esto no mediante la consideración abstracta de tales intereses, sino mediando la participación activa de los interesados. (Énfasis en el original). Íd., pág. 312.

Hoy ignoramos lo que reiteradamente hemos precisado, a saber:

> [E]l lenguaje de nuestra regla es mucho más liberal que el de la Regla 36 [actual Regla 37] del Tribunal Supremo federal. No requiere permiso de las partes y la única condición que se exige es que sea una "parte realmente interesada". Nuestra regla es una de las más liberales y al redactarla aprovechamos la experiencia de otros países que han trascendido el marco limitado del sistema adversativo para aumentar la participación de los amigos de la corte. <u>Pueblo v. González Malavé</u>, 116 DPR 578, 596 (1985) (Opinión Disidente del entonces Juez Asociado señor Hernández Denton).

En consecuencia, el criterio para conceder la presentación de un <u>amicus curiae</u> debe ser distinto al de "legitimación activa" o al de intervención. En estas circunstancias, el texto claro dispuesto en el Reglamento de este Tribunal provee que se debe permitir que toda persona con un interés real en la controversia pueda participar del

mismo mediante la presentación de un _amicus curiae_. Sin embargo, lejos de tal liberalismo, la tendencia conservadora y restrictiva de este Tribunal es evidente al denegar consecuentemente las solicitudes de _amicus curiae_ en multiplicidad de casos de interés público.

No abogo por una filosofía liberal en el vacío, sino en constatar mediante criterios específicos si una parte debe ser admitida como _amicus curiae_.[1] Esos parámetros fueron claramente delineados desde _Pueblo ex rel. L.V.C.,_ 110 DPR 114 (1980). En el citado precedente pautamos que, más allá del interés del solicitante, debemos constatar la necesidad del tribunal y su propósito de estar mejor informado para hacer la más cumplida justicia. Al así hacerlo, debemos tomar en consideración, entre otros factores, lo siguiente:

> El interés público del asunto bajo consideración, lo novel de las cuestiones planteadas, el alcance de la adjudicación que haya de hacerse en cuanto a terceros que no son parte en el litigio, las cuestiones de política pública que puedan estar planteadas, la magnitud de los derechos que puedan estar en juego, etc. No puede haber criterios fijos limitativos ni particularizadores de los factores a tomarse en consideración. Íd., pág. 129.

---

[1] A nivel internacional, resulta clara la importancia de la institución del _amicus curiae_ para el cumplimiento de la atribución constitucional de defensa y protección de los derechos constitucionales y fundamentales. Véase, Defensoría del Pueblo República de Perú, _El amicus curiae: ¿qué es y para qué sirve? Jurisprudencia y labor de la Defensoría del Pueblo, Serie Documentos Defensoriales,_ 2009, https://www.corteidh.or.cr/tablas/26654.pdf (última visita 1 de mayo de 2020).

La controversia que enmarca el caso ante nos es una que reúne todos los criterios que apuntan hacia una admisión de las solicitudes de amicus curiae. En primer lugar, resulta incuestionable que estamos ante un asunto de interés público que incide directamente en la administración del sistema de justicia criminal y la seguridad pública.[2] En segundo término, es la primera ocasión en que este Tribunal deberá determinar el alcance del precedente de la Corte Suprema Federal invocado por la parte peticionaria. En tercer lugar, esta no es una controversia con repercusiones limitadas al Estado y al peticionario solamente. Resulta claro que nuestro dictamen tendrá un alcance en la adjudicación que haya de hacerse en cuanto a terceros que no son parte en el litigio. En cuarto lugar, la magnitud del derecho que está en juego es indiscutible: la libertad de un ser humano y las garantías constitucionales que deben mediar en un juicio criminal. En quinto lugar, existen importantes cuestiones de política pública, no solo desde el punto de vista de la Rama Ejecutiva y Legislativa, sino también de la posible necesidad de que eventualmente tengamos que realizar múltiples ajustes reglamentarios, procesales y administrativos relacionados con los procedimientos

---

[2]Como bien apunta Linares, la figura del amicus curiae "amplía la participación y concede un mayor valor epistémico al proceso judicial, aumentando por tanto su valor democrático y deliberativo". S. Linares, La (i)legitimidad democrática del control judicial de las leyes, Madrid, 2008, pág. 279.

criminales de delitos graves y los que conlleven celebración de juicio por jurado.

Finalmente, bajo criterios reglamentarios más rigurosos, la Corte Suprema Federal no titubeó en conceder solicitudes de amicus curiae en el caso de Ramos v. Lousiana, 590 US ____ (2020). De hecho, su trayectoria de concesión de este tipo de solicitud es proporcionalmente mayor y más liberal que las concedidas en la historia moderna de este Tribunal.[3] Indistintamente, al enfocarnos en los criterios que rigen en nuestra jurisdicción, debidamente aplicados aquí, no veo la razón para que una mayoría de este Tribunal deniegue las solicitudes que nos ocupan. Por lo anteriormente expresado, **respetuosamente disiento**.

Luis F. Estrella Martínez
Juez Asociado

---

[3]Para una discusión en torno al auge de esta figura en la Corte Suprema Federal véase, A. J. Franze & R. Reeves Anderson, Record Breaking Term for Amicus Curiae in Supreme Court Reflects New Norm, Nat'l L.J., (August 2015) y J. D. Kearney & T.W. Merrill, The influence of Amicus Curiae Briefs on the Supreme Court, 148 U. Pa. L. Rev. 743 (2000).