La Jueza Asociada Señora Fiol Matta
emitió la opinión del Tribunal.
El Ministerio Público nos solicita que revoquemos la sentencia del Tribunal de Apelaciones que confirmó la de-terminación del Tribunal de Primera Instancia de desesti-mar una segunda acusación contra el recurrido, el Sr. Roberto Pérez Pou. Ambos foros concluyeron que no procedía una segunda acusación por el mismo delito, pues a la fecha de su presentación había prescrito la acción.
El caso ante nuestra consideración requiere que inter-pretemos la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, a los efectos de resolver si la desestimación de la acusación por violar los términos de enjuiciamiento rápido deja sin efecto la interrupción del término prescrip-tivo para presentar la acusación y, de ser así, si el trans-curso del término en estas circunstancias constituye un de-fecto insubsanable que impide la continuación de la acción contra el imputado. Resolvemos que tras la desestimación de la causa penal, el Ministerio Público debe presentar la nueva acción penal en el término prescriptivo, contado éste *222 a partir de la fecha de la comisión de los hechos imputados, pues el término no queda interrumpido por acciones ante-riores sobreseídas o desestimadas.
El 10 de enero de 1998 se presentó una denuncia contra el recurrido Roberto Pérez Pou en la que se le imputó una infracción al Artículo 401 de la Ley de Sustancias Contro-ladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. see. 2401), por hechos ocurridos el 24 de octu-bre de 1997. El delito imputado está tipificado como un delito grave, cuyo término prescriptivo, según Artículo 78 del Código Penal de 1974, es de cinco años. 33 L.P.R.A. see. 3412. Ese mismo día se encontró causa para su arresto y se le impuso una fianza de $300,000, la cual prestó. Posterior-mente se celebró la vista preliminar, en la cual el tribunal determinó que había causa probable para acusar al recu-rrido por el delito imputado en la denuncia. El 13 de abril de 1998, el Ministerio Público presentó la acusación correspondiente.
El 25 de septiembre 2002, el Ministerio Público pre-sentó una acusación enmendada para alegar reincidencia agravada, pues el recurrido había sido convicto y senten-ciado de manera final y firme en varios casos de ley de armas y ley vehicular. La celebración de la vista en su fondo fue pautada para el 15 de diciembre 2003. Llegada la fecha, el Ministerio Público anunció que no estaba listo por la incomparecencia de uno de sus testigos. A solicitud del recurrido, se desestimó la acusación presentada el 13 de abril de 1998 al amparo de la Regla 64(n)(4) de Procedi-miento Criminal, 34 L.P.R.A. Ap. II, por violación a los tér-minos de juicio rápido, pues el acusado no fue sometido a juicio en los ciento veinte siguientes a la presentación de la acusación.
*223 Siete días después, el 22 de diciembre 2003, el Ministe-rio Público presentó nuevamente una acusación por el mismo delito, fundamentada en los mismos hechos. La vista para efectuar la lectura de esta segunda acusación fue señalada para el 25 de febrero de 2004. Ese día, ni el recurrido ni su abogado comparecieron a la lectura de la acusación. A pesar de que el 15 de diciembre de 2003 se le habían hecho las advertencias al acusado, no fue hasta el 19 de febrero del 2004 que se expidió la citación para la lectura de la acusación.
Luego de varios trámites procesales, el caso fue llamado para lectura de acusación el 6 de mayo de 2004. A la lec-tura no compareció el recurrido, mas sí su abogado, quien solicitó la desestimación de esta segunda acusación. En su petición señaló que el proceso original fue desestimado por haberse violado las disposiciones constitucionales y estatu-tarias sobre el derecho a un juicio rápido. El recurrido se opuso a la nueva presentación de la acusación, pues a esa fecha el término prescriptivo del delito había transcurrido. Argüyó que aunque la desestimación de la acusación no es impedimento para el inicio de otro proceso por el mismo delito, el nuevo proceso no se puede gestionar cuando: (1) el defecto u omisión es insubsanable, (2) el delito ha prescrito al momento de iniciar el otro proceso o (3) se trata de un delito menos grave y la desestimación se dictó por la Regla 64(n), 34 L.P.R.A. Ap. II. Argumentó que la prescripción es un defecto insubsanable. El recurrido citó el caso de Pueblo v. Carrión, 159 D.P.R. 633 (2003), en el que resolvimos que si bien la Regla 67, supra, permite presentar nuevamente una denuncia por delito grave que fue desestimada según la Regla 64(n) de Procedimiento Criminal, supra, el Minis-terio Público debe regirse durante ese período por el tér-mino prescriptivo de la acción penal y por las exigencias del debido proceso de ley.
Tras considerar estos planteamientos, el foro primario desestimó la acusación al amparo de la Regla 64(i), que *224 permite la desestimación de la acusación o denuncia cuando el fiscal carece de autoridad para presentarla. El Ministerio Público solicitó reconsideración, la cual denegó el Tribunal de Primera Instancia. Resolvió el tribunal que al presentar los nuevos cargos el Ministerio Público se debe regir por las limitaciones que le impone el debido pro-ceso de ley, no obstante el hecho de que el acusado no está sujeto a responder entre la desestimación de la primera acusación y la presentación de la segunda acusación y, por ende, no aplican los términos de enjuiciamiento rápido. El Tribunal fundamentó su dictamen en Pueblo v. Carrión, supra.
El Ministerio Público recurrió de esta determinación ante el Tribunal de Apelaciones, alegando que el Foro de Primera Instancia había cometido un error de derecho. El foro apelativo concluyó que durante el período entre la des-estimación de una acusación y la presentación de la se-gunda, el Ministerio Público debe regirse por el término prescriptivo de la acción penal y por las exigencias del de-bido proceso de ley. El Tribunal de Apelaciones señaló que “nuestro esquema jurídico es diáfano al disponer que pasa-dos los cinco años desde la comisión de un delito grave, el Estado está impedido de presentar una acusación por dicho delito”. Determinó el tribunal que, cuando se deses-tima un caso por violación del derecho a un juicio rápido, la determinación da por terminado el proceso aunque existe la posibilidad de presentar nuevamente la acusación al amparo de la Regla 67 de Procedimiento Criminal, supra. Esta segunda presentación de la acusación “constituye un proceso distinto e independiente de la acusación original”; por lo que, según esta regla y el debido proceso de ley, la nueva acusación se debe presentar en el término prescrip-tivo, contado éste desde la comisión de los hechos imputados. El tribunal concluyó que el delito imputado al recurrido prescribió en el 2002, lo cual requería confirmar al Tribunal de Primera Instancia.
*225 Inconforme con tal determinación, el Ministerio Público nos solicita que la revoquemos y permitamos la presenta-ción de la segunda acusación que fuera desestimada por el Foro de Primera Instancia con el aval de foro apelativo.
En su alegato, el Ministerio Público nos solicita que aclaremos la relación entre las disposiciones reglamenta-rias que regulan la prescripción de la acción penal y de la Regla 67 de Procedimiento Criminal, supra. Señala que, según el Tribunal de Apelaciones, la interrupción del tér-mino prescriptivo de la acción penal provocada por la de-terminación de causa probable para el arresto tiene el efecto sobre una segunda acusación, cuando la primera se desestima al amparo de la Regla 64(n)(4), supra. Según sus argumentos, reconocer que la segunda acusación consti-tuye un proceso distinto e independiente de la acusación original es contrario a la jurisprudencia de este Tribunal en cuanto hemos reconocido que, para presentar la se-gunda acusación, no es necesario volver a las etapas pre-vias de determinación de causa probable para el arresto y de causa probable para acusar. Pueblo v. Vallone, Jr., 133 D.P.R. 427, 435-436 esc. 5 (1993); Pueblo v. Félix Avilés, 128 D.P.R. 468 (1991); Pueblo v. Ortiz Díaz, 95 D.P.R. 244 (1967). El Ministerio Público argumenta que la nueva pre-sentación de la acusación constituye una etapa separada de una misma acción penal contra el mismo acusado, por lo cual la determinación inicial de causa probable y su efecto interruptor de los términos prescriptivos continúan inalte-rados y con plena eficacia.
El Ministerio Publico, además, arguye que el caso de Pueblo v. Carrión, supra, puede distinguirse del de autos, puesto que allí el Tribunal se limitó a resolver que el dere-cho constitucional a un juicio rápido no se extiende al pe-ríodo que transcurre entre la primera desestimación de una denuncia (no de una acusación) y la nueva presenta-ción de cargos por los mismos hechos al amparo de la Regla 67 de Procedimiento Criminal, supra, pues durante ese *226 lapso de tiempo la persona no se encuentra sujeta a responder. Explica que, aunque la opinión reafirma que ambas denuncias tratan sobre procesos separados y subsi-guientes, no niega que esos procesos son etapas separadas de una misma acción penal por el mismo delito grave. Re-salta el Ministerio Público que en Pueblo v. Carrion, supra, se aclara que, entre la desestimación de la primera denun-cia y la presentación de la segunda denuncia, la persona no se encuentra absuelta para propósitos de la cláusula contra la doble exposición ni tampoco se encuentra liberada de su responsabilidad penal. Por ello, propone que una lec-tura integral de la jurisprudencia y de las leyes aplicables debe conducirnos a la conclusión de que la interrupción de la prescripción como resultado del primer proceso se aplica al segundo, pues juntos constituyen un mismo procedi-miento que se mantiene vivo en tanto se presenta la se-gunda acusación.
Alega el Ministerio Público que, en el caso de autos, según el Artículo 79 del Código Penal de 1974 (33 L.P.R.A. sec. 3413) la prescripción del delito había quedado debida-mente interrumpida cuando el Tribunal de Primera Ins-tancia encontró causa probable para el arresto del recu-rrido el 10 de enero de 1998, dando así comienzo a la acción penal. Al subsistir la determinación de causa probable, se-gún el Ministerio Publico, el término prescriptivo se man-tuvo interrumpido pues el Estado puso en marcha la ma-quinaria procesal para perseguir el delito.
Arguye, además, el Ministerio Público que si bien el or-denamiento procesal penal permite que el acusado pre-sente una moción de desestimación fundamentada en una de las causas estatuidas en la Regla 64 de Procedimiento Criminal, supra, ello no es óbice para que el Estado pre-sente nuevamente una acusación en los casos permitidos por la Regla 67 de Procedimiento Criminal, supra. Señala que, más que una nueva acusación, de lo que se trata es de la nueva presentación de la misma acusación. Como *227 prueba del carácter continuo del procedimiento, señala los casos Pueblo v. Soto Ortiz, 151 D.P.R. 619, 630 (2000), y Pueblo v. Ortiz Díaz, supra, págs. 247-448, en los que se resuelve que, en estas circunstancias, no hay necesidad de celebrar una nueva vista preliminar ni una nueva vista de determinación de causa para el arresto, ya que el proceso no comienza con la presentación de la acusación, sino con la determinación de causa probable para el arresto.
El Ministerio Público también nos refiere a nuestra de-cisión en Pueblo v. Vallone, Jn, supra, en la que indicamos que una determinación de “no causa” en la etapa de vista preliminar no termina el procedimiento penal contra el im-putado, pues se trata de un procedimiento integral que se mantiene vivo sujeto a trámites ulteriores; por ello, conti-núa el efecto interruptor sobre el término prescriptivo de la determinación de causa probable para el arresto. Plantea que, en ese caso, revocamos la norma pautada en Pueblo v. Lugo, 58 D.P.R. 183 (1941), que resolvía que el arresto del imputado no interrumpía el término prescriptivo cuando la acusación se sobreseía por no haberse celebrado el juicio en el término dispuesto por ley.
En fin, el Ministerio Público alega que no hay base ju-rídica para concluir que la desestimación por violación a los términos de juicio rápido anula la determinación de causa probable para el arresto a los fines de reactivar el término prescriptivo. Aduce, además, que, en el caso particular que nos ocupa, se determinó causa probable para el arresto a los tres meses de haber ocurrido los hechos im-putados, interrumpiéndose de esta forma el término pres-criptivo de la acción penal. A lo sumo y en la alternativa, expone el Ministerio Público que si la desestimación me-diante la Regla 64(n), supra, reactiva el término prescrip-tivo, debemos resolver que desde tal fecha comienza un nuevo término prescriptivo o se reanuda el término como si quedare en suspenso al momento de determinarse causa probable para el arresto.
*228 Por su parte, el recurrido arguye que permitir la presen-tación de una segunda acusación, cuando ya había pres-crito el delito, tiene el efecto de mantener a un ciudadano sujeto a responder cuando ya no existe un proceso en su contra, pues la desestimación de la primera acusación da fin al proceso penal. Argumenta que nuestro ordenamiento establece dos figuras distintas que regulan el tiempo du-rante el cual el imputado puede estar sujeto a la acción punitiva del Estado, con el mismo propósito de garanti-zarle la posibilidad de defenderse adecuadamente. Estas son la prescripción del delito y el derecho constitucional a un juicio rápido.
El recurrido aduce en su alegato que la presentación de una nueva acusación comienza un nuevo proceso, y ese co-mienzo debe ocurrir en el término prescriptivo dispuesto para la acción penal, tomando como fundamento que la desestimación de la acusación finalizó el proceso anterior. De lo contrario un ciudadano a quien se le determine causa probable para el arresto estaría sujeto a ser procesado indefinidamente. El recurrido discrepa de la interpretación del Ministerio Público y sostiene que Pueblo v. Vallone, Jr., supra, no aplica al caso de autos, ya que se limita a resolver que para presentar la segunda acusación luego de una determinación de “no causa” en la etapa de vista prelimi-nar no es necesario volver a las etapas previas de determi-nación de causa probable para el arresto y de causa probable para acusar, sin disponer en forma alguna sobre la desestimación del caso por fundamentos estatutarios y constitucionales de juicio rápido.
Expedimos el auto solicitado el 3 de diciembre de 2004 y procedemos a resolver con el beneficio de la comparecencia de ambas partes.
*229 II
 La acción penal comienza una vez se pone en mo-vimiento la maquinaria de Estado contra el imputado. He-mos reiterado desde principios de siglo que el proceso penal comienza con el primer paso dado por el fiscal para traer al delincuente ante la justicia, es decir, el arresto o detención del sospechoso. Pueblo v. Tribunal Superior, 84 D.P.R. 24 (1961); Pueblo v. Capestany, 37 D.P.R. 586 (1928); El Pueblo v. Rivera et al., 9 D.P.R. 403 (1905). En aquellos momentos regía el Código de Enjuiciamiento Criminal. Sin embargo, la norma esbozada en esos casos todavía está vigente, pues según las Reglas de Procedi-miento Criminal actuales, la orden de arresto o la deten-ción de la persona imputada en la comisión de un delito marca la fecha del comienzo de la acción en su contra. Pérez Vega v. Tribunal Superior, 93 D.P.R. 749 (1966). Es en ese momento que comienzan a computarse los términos de enjuiciamiento rápido y prescripción.(1) Pueblo v. ex rel. L.V.C., 110 D.P.R. 114 (1980); Rabell Martínez v. Tribunal Superior, 102 D.P.R. 39 (1974); Pueblo v. Tribunal Superior, 81 D.P.R. 455 (1959); Pueblo v. Capestany, supra.
Así, aunque hace mucho tiempo que sabemos cuándo comienza la acción penal, no es hasta recientemente que hemos aclarado cuándo ésta termina. En numerosas oca-siones hemos dicho que el proceso penal es un mismo y continuo proceso judicial que finaliza con el fallo o la sentencia. Pueblo v. Vallone, Jr., supra; Pueblo v. Félix Avilés, supra; Pueblo v. Opio Opio, 104 D.P.R. 165 (1975). Además de la adjudicación en los méritos de la causa penal, *230 otros eventos procesales pueden dar por terminada la ac-ción contra el imputado, como por ejemplo, la determina-ción de “no causa” para presentar una acusación en la etapa de vista preliminar en alzada, puesto que ésta, por su naturaleza y finalidad, impide el comienzo de otro pro-ceso por ese delito. Pueblo v. Ríos Alonso, 149 D.P.R. 761 (1999); Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984).(2) Recientemente, resolvimos que la resolución que declare “con lugar” una moción de desestimación también pone fin a la acción penal. Pueblo v. Camacho Delgado, 175 D.P.R. 1 (2008); Pueblo v. Carrión, supra.
La Regla 67 de Procedimiento Criminal, supra, dispone lo siguiente:
Una resolución declarando con lugar una moción para des-estimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n). (Énfasis nuestro.(3)
Interpretando el lenguaje de esta regla, no cabe duda de que la desestimación necesariamente significa el fin de un proceso.(4) Sin embargo, esto no necesariamente implica que la desestimación de la causa penal es impedi- *231 mentó para el comienzo de un nuevo proceso. Por ejemplo, según la misma regla, cuando el proceso contra el impu-tado es por un delito menos grave, la desestimación de los cargos por violación a los términos de enjuiciamiento rá-pido es un impedimento para el comienzo de otro proceso por el mismo delito. Regla 67, supra. Asimismo, la desesti-mación fundada en defectos insubsanables —como lo son: la doble exposición, el impedimento colateral por senten-cia, la inmunidad y la prescripción— lleva consigo la con-secuencia fatal de impedir el comienzo de otro proceso. Al ser insubsanable, un defecto de esta naturaleza se arras-traría al segundo proceso entablado. Véase E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, T. III, pág. 261.
Por otro lado, cuando la moción de desestimación se fundamente en insuficiencias subsanables de forma o en la inobservancia de requisitos ministeriales (no en violaciones a los términos de enjuiciamiento rápido), la Regla 66 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que
... el tribunal ordenará se haga la enmienda [a la acusación, denuncia o pliego de especificaciones], y denegará la moción. Si el tribunal declarare con lugar una moción basada en de-fectos en la presentación o tramitación del proceso, o en la acusación o denuncia, podrá también ordenar que se man-tenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a la presentación de una nueva acusación o denuncia. Nada de lo aquí expresado afectará las disposiciones sobre los términos de prescripción. (Enfasis suplido.) Véase Pueblo v. Camacho Delgado, supra.
Esta última disposición de la regla responde a una pro-tección expresa del acusado, por lo que “la enmienda debe hacerse, o el nuevo procedimiento debe iniciarse, dentro del término prescriptivo correspondiente”. Chiesa, op. cit., pág. 260.
Las Reglas de Procedimiento Criminal son parcas y no comentan sobre la prescripción de la acción penal, luego de la desestimación de la causa. Por lo tanto, la jurispruden- *232 cia se ha dado a la tarea de esclarecer varios puntos rela-cionados, a través de una trayectoria centenaria. A conti-nuación daremos una mirada histórica al alcance de la Regla 67, supra, a través de las interpretaciones jurispru-denciales del significado de la disposición sobre “nuevo pro-ceso” y el efecto de la prescripción.
En Pueblo v. Lugo, supra, resolvimos que una nueva acusación comienza un nuevo proceso, por lo que las accio-nes sobreseídas no pueden servir para interrumpir la pres-cripción de la nueva acción penal. En ese caso particular, se sobreseyeron la orden de arresto y la acusación en dos ocasiones, por violación a los términos de enjuiciamiento rápido. Por tercera vez, el Ministerio Público solicitó una orden de arresto y presentó una tercera acusación. La acu-sada pidió el sobreseimiento de la acusación fundamen-tando su solicitud en que la acción había prescrito. En este caso, determinamos que la primera acusación es indepen-diente de la segunda, no una enmienda o continuación de la primera. De esta forma, adoptamos la regla implantada en la mayoría de las jurisdicciones de Estados Unidos, con-siderando que era la más apropiada en Puerto Rico, donde las acusaciones se formulan por el fiscal. Cuando se deses-tima la acusación, se pone fin al proceso y la segunda acu-sación debe considerarse como el comienzo de un nuevo proceso. (5) Por consiguiente, resolvimos que la acción penal subsiguiente debe entablarse en el término prescriptivo, conforme al Artículo 452 del Código de Enjuiciamiento Criminal, equivalente a la Regla 67 de Procedimiento Criminal vigente, supra.
Posteriormente, en Pueblo v. Tribunal Superior, 84 D.P.R. 24 (1961), reafirmamos la norma de Pueblo v. Lugo, *233 supra, en cuanto a que el término prescriptivo no se inte-rrumpe por los arrestos practicados a los fines de otra u otras acusaciones por el mismo delito que fueron sobreseí-das por no haberse celebrado el juicio en el término fijado por ley. Nuevamente, en Pueblo v. Tribunal Superior, 94 D.P.R. 59 (1967), reiteramos la norma de Lugo y resolvimos que, una vez desestimada la acción según la Regla 64(n), supra, por violación a los términos de enjuiciamiento rá-pido, el Ministerio Público podría entablar un nuevo pro-ceso por los mismos hechos si los cargos desestimados fue-ron por delito grave.
En Pueblo v. Ortiz Díaz, supra, se archivó la acusación, luego de haberse celebrado la vista preliminar, porque la nueva acusación se presentó después de transcurridos los términos de enjuiciamiento rápido de las Reglas de Proce-dimiento Criminal. La controversia se centraba, pues, en la necesidad de celebrar una nueva vista preliminar para la nueva acusación. Resolvimos que ello era innecesario e inoficioso, ya que la nueva acusación, consecuencia de la desestimación de los cargos originales por violación a los términos de enjuiciamiento rápido, es parte del mismo pro-ceso criminal. No obstante, aclaramos específicamente que por las circunstancias particulares del caso no era necesa-rio que nos expresáramos sobre el efecto de la desestima-ción en cuanto a la prescripción, pues en ese caso no había problema de prescripción. Interpretando la Regla 66 de Procedimiento Criminal, supra, dispusimos lo siguiente:
Esta Regla 66, a la luz de la 67 que permite la iniciación de otro proceso por el mismo delito cuando éste es grave, rechaza cualquier ataque bajo la Regla 64(n) a la acusación nueva-mente radicada en este caso.
Debe aclararse que este caso no levanta problema alguno sobre el derecho de un acusado a la prescripción de su delito. (Enfasis suplido.) Pueblo v. Ortiz Díaz, supra, pág. 248.
El Juez Asociado Señor Ramírez Bages emitió una opi-nión disidente en este caso en la cual propuso que lo que procedía tras la desestimación de la acción era un nuevo *234 proceso, según dispone la Regla 67, supra. Citando la norma de Pueblo v. Lugo, supra, apuntó a que el resultado logrado por la mayoría en Pueblo v. Ortiz Díaz, supra, le resta importancia a los términos de enjuiciamiento rápido y al único remedio para su violación, que es la desestima-ción de la causa penal. En conclusión, la opinión disidente formuló la pregunta siguiente:
Presentada la segunda acusación y a los efectos de la pres-cripción del delito ¿con qué arresto se va a interrumpir el men-cionado período prescriptivo? Con el que fue motivado por los hechos imputados en la acusación desestimada no puede sér, pues habiéndose sobreseída [sic] o desestimada [sic] la pri-mera acusación, dicho arresto, según hemos resuelto, no inte-rrumpe el período prescriptivo. Pueblo v. Ortiz Díaz, supra, pág. 256.(6)
Más de una década después, en Pueblo v. Guardiola Dávila, 130 D.P.R. 585 (1992), resolvimos que una orden de arresto emitida luego de una determinación de causa probable para el arresto, pero diligenciada irrazonablemente tarde y luego de expirado el término prescriptivo del delito, extingue el efecto interruptor de la acción penal y conlleva el archivo de la causa. Ello, claro está, en ausencia de una demostración de circunstancias extraordinarias por el Mi-nisterio Público. Aprovechamos la oportunidad para señalar lo siguiente:
Claro está, interrumpido el término con la expedición de la orden de arresto, como el Código Penal nada dispone, se crea la errónea apariencia de que esa interrupción es indefinida e infinita. Decimos errónea, pues, a poco que reflexionemos, no-tamos que atenta contra el verdadero propósito y fundamento que inspira el instituto de la prescripción.
En el pasado no habíamos abordado enteramente la cues-tión ante nos, aunque existían ciertos destellos jurispruden-ciales que rechazan el concepto absolutista de interrupción in- *235 definida de la prescripción luego de emitida una orden de arresto. Pueblo v. Guardiola Dávila, supra, págs. 591-592.
Sin embargo, señalamos situaciones en las que una de-terminación de causa probable para el arresto no inte-rrumpe el término prescriptivo: (1) cuando la expedición de una orden de arresto no se cumplimenta con diligencia en un tiempo razonable, según expresamos en Pérez Vega v. Tribunal Superior, supra; (2) cuando se intenta interrum-pir el período prescriptivo con los arrestos practicados en otras acusaciones por el mismo delito, sobreseídas por vio-lación a los términos de un juicio rápido, según lo expresado en Pueblo v. Lugo, supra, y en Pueblo v. Tribunal Superior, 94 D.P.R. 59, 63-64 (1968), o (3) en el supuesto de otras acciones no relacionadas.(7) Pueblo v. Guardiola Dávila, supra, págs. 592-593.
Luego, en Pueblo v. Carrión, supra, pág. 643, claramente establecimos que “la desestimación de una causa tiene que entenderse como un evento que da por terminada la acción presentada ante los tribunales por el Ministerio Público”, lo cual significa la terminación del proceso. En este caso, se encontró causa para el arresto del imputado pero, por culpa del Ministerio Público, la celebración de la vista preliminar se pospuso en tres ocasiones. El Ministerio Público solicitó y obtuvo la desestimación de la denuncia al amparo de la Regla 64(n), supra, y, luego de varios meses, sometió otra denuncia contra el imputado, por los mismos hechos que dieron base a la primera. Esta vez, el imputado solicitó la desestimación con perjuicio, al amparo de la Regla 247 de Procedimiento Criminal, supra, fundamentado en que la demora en la presentación de la nueva denuncia violó su derecho al debido proceso de ley y su derecho a un juicio rápido. Resolvimos que la desestima- *236 ción en estas circunstancias significa el fin de la acción penal, pero no implica que el imputado quede “absuelto” para propósitos de la protección constitucional contra la doble exposición, pues la desestimación sin perjuicio apunta a que el imputado no queda liberado de su respon-sabilidad penal.
Finalmente, en Pueblo v. Camacho Delgado, supra, tu-vimos ante nuestra consideración unos hechos similares a los que dieron lugar a Pueblo v. Carrión, supra. Se encon-tró causa probable para el arresto del señor Camacho Delgado y se presentó una denuncia. Como no pudo satisfacer la fianza impuesta, el tribunal ordenó su detención preven-tiva y que se celebrara la vista preliminar en quince días. Sin embargo, la vista fue transferida para un mes después. Luego se retrasó nuevamente, porque el Ministerio Público no estaba preparado. Posteriormente, el tribunal deter-minó que el imputado había permanecido en prisión en exceso de los treinta días desde su arresto y desestimó la denuncia por violación a los términos de enjuiciamiento rápido. El Ministerio Público solicitó un nuevo señala-miento para la vista preliminar, el tribunal denegó su so-licitud y resolvió que cuando se desestima la denuncia por los términos de la Regla 64(n), supra, procede una nueva determinación de causa probable para el arresto. El Tribunal de Apelaciones confirmó.
Presentado el caso ante nuestra consideración, resolvimos que la desestimación de la causa penal por violación al derecho a un juicio rápido “cancela” la determinación de causa probable para el arresto, por lo cual sería necesario procesar nuevamente al imputado “de estar a tiempo para ello”. Revocamos así a Pueblo v. Ortiz Díaz, supra, y aclaramos que, para iniciar el nuevo proceso, se requiere necesariamente una nueva determinación de causa probable para el arresto, no siendo ya suficiente continuar con los procedimientos iniciales celebrados durante el trámite de la acción penal desestimada. De esa forma, *237 validamos y atendimos las preocupaciones expresadas por el Juez Asociado Señor Ramírez Bages en su opinión disi-dente en Pueblo v. Ortiz Díaz, supra.
Es menester señalar que, aunque en Pueblo v. Camacho Delgado, supra, y en Pueblo v. Carrión, supra, no examinamos directamente el efecto de la desestimación de la acción en los términos prescriptivos, el tema está presente, aunque indirectamente, en la opinión. Con la revocación de Pueblo v. Ortiz Díaz, supra, queda restaurada plenamente la norma de Pueblo v. Lugo, supra, en cuanto a que las acciones sobreseídas o desestimadas, en cualquier etapa del proceso penal, no pueden servir para interrumpir la prescripción de la nueva acción penal. Además, al quedar claro que la desestimación pone fin a la causa penal, nuestro análisis en Carrión sobre la responsabilidad penal, que perdura, aún luego de desestimada la causa penal, se complementa con la definición de la prescripción, que es la extinción misma de la causa penal. Art. 77 del Código Penal de 1974 (33 L.P.R.A. sec. 3411). Véase el Art. 97 del Código Penal de 2004 (33 L.P.R.A. sec. 4725).
La prescripción es un instituto del derecho penal sustantivo, ínsito al amplio derecho a un debido proceso de ley y a un juicio justo e imparcial. Aunque los términos o períodos prescriptivos particulares surgen por disposición estatutaria, los preceptos fundamentales de la prescripción son de rango superior. Véase Pueblo v. Vallone, Jr., supra. (8)
En varias ocasiones hemos recalcado que:
*238 El propósito fundamental de la disposición fijando un tér-mino de prescripción es informar al acusado con suficiente an-ticipación de la intención de procesársele y de la naturaleza del delito que se le imputa, de forma que no se menoscabe su oportunidad de defenderse antes de que la evidencia disponi-ble para establecer su inocencia desaparezca o se oblitere con motivo del transcurso del tiempo. Actualmente, tanto la radi-cación de la acusación o denuncia como la expedición de una orden de arresto luego de la determinación de causa probable cumplen con este propósito de delimitar la naturaleza de la ofensa e identificar cumplidamente al acusado. Pueblo v. Tribunal Superior, 84 D.P.R. 24, 27-28 (1961).(9)
Véanse: Pueblo v. ex rel. L.V.C., supra; Rabell Martínez v. Tribunal Superior, supra. Véase además, D. Nevares-Muñiz, Sumario de derecho procesal penal puertorriqueño, San Juan, Ed. Inst. Desarrollo del Derecho, 2007, págs. 130-131.
En Pueblo v. Oliver Frías, 118 D.P.R. 285, 290 (1987), citamos con aprobación las expresiones de la profesora Nevares-Muñiz, quien define la “prescripción” en el campo penal como “el término de tiempo que tiene el Estado para iniciar la acción penal, pasado el cual estará impedido de iniciarla”. D. Nevares-Muñiz, Derecho Penal Puertorriqueño: Parte General, San Juan, Ed. Inst. Desarrollo del Derecho, 1983, pág. 333. Asimismo, acogimos la definición siguiente de la prescripción elaborada por Cuello Galán:
"... la extinción de la responsabilidad penal mediante el transcurso de un período de tiempo, en determinadas condi-ciones, sin que el delito sea perseguido o sin ser la pena ejecutada. La primera se denomina prescripción del delito o de la acción penal, la segunda prescripción de la pena.
*239 ... La prescripción del delito se justifica por el argumento de carácter procesal, que con el transcurso del tiempo se extin-guen o se debilitan las pruebas del hecho punible. A la buena administración de la justicia interesa que las pruebas en los juicios criminales sean frescas y fehacientes pues las que, por haber transcurrido mucho tiempo desde la comisión del hecho han perdido su vigor probatorio, pueden originar sensibles errores judiciales. [E] Cuello Galán, Derecho Penal, 18va ed., Barcelona, Ed. Bosch, 1981, T. 1, Vol. 2, págs. 789-790. (Énfa-sis suplido y en el original.) Pueblo v. Oliver Frías, supra, págs. 290-291.
Del mismo modo, Santiago Mir Puig señala que el ins-tituto de la prescripción “responde a razones que hacen desaparecer la necesidad de la pena, aunque en la pres-cripción del delito se añadan consideraciones procesales, deberá reconocerse a ambas clases de prescripción [de la pena y del delito] una naturaleza material y no de mero obstáculo procesal”. (Énfasis en el original.) S. Mir Puig, Derecho Penal: Parte General, 7ma ed., Montevideo, Ed. B de F, 2005, pág. 751.
La prescripción tiene un propósito mayor de autolimitación del poder persecutorio del Estado contra el individuo. Véase Resumil de Sanfilippo, op. cit., págs. 220-221. Así lo afirmamos en Pueblo v. Martínez Rivera, 144 D.P.R. 631, 645-646 (1997):
Aunque ciertamente uno de los grandes propósitos de la fi-gura de la prescripción es notificarle al sospechoso que se le imputa la comisión de un delito, no es menos cierto que no es el fundamental. Más importante resulta el propósito del Es-tado de autolimitar su facultad punitiva y no extenderse más allá de un determinado período de tiempo. Resulta claro que cuando por el transcurso de cierto tiempo el Estado no ha lo-grado traer una acción penal o ejecutar una pena impuesta sobre un delincuente particular, la persecución de éste, pasado ese tiempo, no es permisible.
La prescripción implica la cesación de la potestad punitiva del Estado, al transcurrir un período de tiempo determinado, en virtud de que el propio Estado abdica de su potestad puni-tiva por razón de que el tiempo anula el interés represivo, *240 apaga la alarma social y dificulta la adquisición de pruebas respecto a la realización del evento delictivo. (Citado de S. Vela Treviño, La prescripción en materia penal, Editorial Trillas, México, 1983, pág. 73, Opinión de la Suprema Corte de Justicia de la Nación, México, 8431/63.) (Énfasis suplido.)
Asimismo, reconocemos también que las exigencias temporales del proceso “pretende la satisfacción de los in-tereses de las partes; satisfacción de carácter jurídico que no se obtiene si se configura como una institución que se prolonga en el tiempo y con efectos únicamente disuasorios”. (Escolio omitido.) C. Riba Trepat, La eficacia temporal del proceso: el juicio sin dilaciones indebidas, Barcelona, Ed. Bosch, 1997, pág. 16.(10)
La prescripción y el derecho a un juicio rápido, ambos, son parte del derecho a un debido proceso y reflejan conjuntamente un principio del orden procesal criminal.(11) La profesora Resumil manifiesta que:
... El individuo que se encuentra solo ante la maquinaria in-vestigativa y adjudicativa del Estado no puede quedar despro-visto de protección de forma que se vea imposibilitado de de-fenderse de las imputaciones por no obtener prueba a su favor. De ahí que el Estado se autolimite en el ejercicio de su Ius Punendi mediante el reconocimiento de derechos constitucio-nales al individuo en virtud de los cuales se le concede el ac-ceso a un debido proceso de ley, la garantía de ser juzgado con celeridad y, aunque no reconocido como uno constitucional, el derecho a la prescripción del delito. Todos ellos tienen en co-mún el efecto de limitar el ejercicio de la acción penal. (Escolio omitido.) O.E. Resumil, Derecho procesal penal: limitaciones constitucionales al ejercicio del Ius Punendi, 71 Rev. Jur. U.P.R. 547, 548 (2002).
*241 Hemos sostenido constantemente este criterio. En Pueblo ex rel. L.V.C., supra, pág. 126, señalamos que “[l]a fijación de los términos prescriptivos es compatible con el derecho a juicio rápido”. Considerando ese principio, resolvimos que las dilaciones innecesarias o injustificadas por parte del Estado, aun cuando no aplique el derecho a un juicio rápido, quedan atendidas por la prescripción y las exigencias del debido proceso de ley. Pueblo v. Miró González, 133 D.P.R. 813 (1993). Asimismo, en Pueblo v. Esquilín Maldonado, 152 D.P.R. 257, 262 (2000), apuntamos que la prescripción es un elemento del debido proceso de ley.(12)
Sobre la garantía constitucional a un juicio rápido y las disposiciones legislativas de ese derecho, hemos identificado sus varios propósitos:
... evitar que se encarcele a una persona por largo tiempo mientras el juicio está pendiente; eliminar rápidamente la an-siedad, la sospecha pública y los daños económicos y morales que produce una acusación criminal que no se dilucida a tiempo; y proveer un juicio mientras la prueba está disponible, en otras palabras, evitar que por motivo del tiempo transcu-rrido los testigos se dispersen o sus recuerdos del suceso se tornen inciertos. Pueblo v. Tribunal Superior, 81 D.P.R. 455, 470 (1959).(13) Véanse: Pueblo v. Camacho Delgado, supra; Pueblo v. Reyes Herrans, 105 D.P.R. 658 (1977); Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173 (1976).
Así pues, el derecho a un juicio rápido es un derecho fundamental del acusado que dimana, al igual que la pres-cripción, de la necesidad de una buena administración del sistema de justicia criminal para evitar la demora indebida *242 de los procesos penales y fomentar la diligencia del Minis-terio Público. Pueblo v. Montezuma Martínez, 105 D.P.R. 710 (1977); Hernández Pacheco v. Flores Rodríguez, supra; Pueblo v. Arcelay Galán, 102 D.P.R. 409 (1974).
Nuestros enunciados en Pueblo v. Camacho Delgado, supra, resaltan la urgencia de que nuestro sistema de procesamiento penal proteja el derecho de rango constitucional que tiene el acusado a un juicio rápido, asegurando que la violación de sus términos tenga un efecto práctico: la anulación del efecto interruptor del término prescriptivo que ordinariamente tiene la determinación de causa probable para el arresto.(14) La desestimación de la causa penal, conforme a las normas conjuntas de Pueblo v. Camacho Delgado y Pueblo v. Carrión Rivera, supra, tiene el efecto de dar fin al proceso comenzado, borrando así todo efecto que hubiera tenido de haberse continuado. De esta forma, podría iniciarse un proceso nuevo con una nueva determinación de una causa probable para el arresto, la cual, según la norma de Pueblo v. Lugo, supra, procedería si no ha prescrito el delito.
Reconociendo que una vez se desestima la acción penal se cancela su efecto como interruptor de la prescripción y conforme a la norma de Pueblo v. Lugo, supra, procedemos a analizar el cómputo del término prescriptivo aplicable a la nueva acción. Al hacerlo tomamos como guía no sólo la ley y la jurisprudencia discutidas, sino también las recomendaciones de los varios proyectos de reglas en *243 materia de procedimiento criminal, que se han sometido ante nuestra consideración.
El Artículo 79 del Código Penal derogado, supra, com-puta los términos prescriptivos “desde el día de la comisión del delito hasta la fecha en que se expida el mandamiento de arresto o citación”. Con la aprobación del nuevo Código Penal, se mantuvo la misma fórmula, computándose el tér-mino “desde el día de la comisión del delito hasta la fecha en que se determine causa probable para el arresto o citación”. Art. 97 del Código Penal de 2004, supra.
El informe sometido por el Comité Asesor Permanente de Reglas de Procedimiento Criminal para la Conferencia Judicial de 1993 nos ayuda a interpretar la jurisprudencia y las disposiciones de las reglas vigentes, en particular la Regla 67, supra, pues, sobre la base del derecho a un juicio rápido, se plasmó reiteradamente lo significante del reme-dio de la desestimación y el efecto de la prescripción.(15) En lo pertinente, el inciso (c) de la Regla 425 propuesta por el Comité Asesor dispone lo siguiente:
Si el delito fuera grave y se desestima por el fundamento de la Regla 402(o) [términos de enjuiciamiento rápido], el tribunal hará un cómputo, para determinar si desde la comisión de los hechos hasta la fecha de la nueva presentación el delito prescribió. (Énfasis nuestro.) Informe de Reglas de Procedi-miento Criminal, Secretariado de la Conferencia Judicial, 1993, pág. 251.(16)
Además, en su inciso (a), la regla propuesta también hace una distinción cuando la causa penal se desestima *244 por violación a los términos de enjuiciamiento rápido en los procesos tanto por delitos graves como menos graves, re-afirmando así la importancia el derecho constitucional a un juicio rápido. Id.(17)
El próximo informe de Reglas de Procedimiento Criminal sometido por el Comité Asesor Permanente para la Conferencia Judicial de 1996 reitera lo propuesto en el In-forme de 1993 en cuanto a la citada Regla 67. Véase el Informe de Reglas de Procedimiento Criminal, Secreta-riado de la Conferencia Judicial, 1996, págs. 156-157. El Comité Asesor Permanente presentó otro proyecto de re-glas procesales para la Conferencia Judicial de 2008. En esta ocasión, propuso una sola regla para incorporar las disposiciones de las Reglas 64 y 67 vigentes, incluyendo también las recomendaciones de los informes anteriores. En el Resumen ejecutivo del Proyecto de Reglas de Proce-dimiento Criminal, el Comité informa que el inciso (n) de la Regla 407 propuesta
... modifica lo dispuesto en el inciso (n) de la Regla 64 de 1963 sobre los términos de juicio rápido: Se establece un lenguaje más abarcador que codifica parte de la jurisprudencia del Tribunal Supremo. Además, se establecen circunstancias extraor-dinarias en las que los términos impuestos ceden .... En el inciso (N)(4) [sic], que recoge parte de lo dispuesto en la Regla 67 de 1963, se dispone que la desestimación de la denuncia o acusación por delito menos grave al amparo de esta Regla será *245 con perjuicio. No obstante, se establece en el inciso (N)(5) [sic] que si la desestimación por violación a juicio rápido es [sic] casos de delito grave o delito menos grave con derecho a juicio por Jurado [sic], ello no impedirá el inicio de una nueva acción penal si ésta no ha prescrito. Una segunda desestimación por violación a los términos establecidos en este inciso será con perjuicio. (Enfasis suplido.) Resumen ejecutivo, Secretariado de la Conferencia Judicial, 2008, págs. 22-23.
Analizadas las recomendaciones de los comités sobre la Regla 67, supra, es menester señalar que los cambios pro-puestos tienen el propósito de resaltar la importancia del derecho del imputado a un juicio rápido y definir con más precisión los efectos de la desestimación de la acción penal y la prescripción. Las recomendaciones del Comité van a la par con nuestras expresiones en Pueblo v. Camacho Delgado, supra, y Pueblo v. Guardiola Dávila, supra, en cuanto a que la interrupción del término prescriptivo no es infinita y que la desestimación de la acción penal por vio-lación a los términos de enjuiciamiento rápido debe ser una verdadera sanción para el Ministerio Público.
Esta ha sido la posición favorecida por los tratadistas y profesores, incluso antes de nuestra decisión en Pueblo v. Camacho Delgado, supra. Así, el profesor Chiesa señala que en la medida en que el término prescriptivo de la ac-ción penal por delito grave
...“no se interrumpe por los arrestos practicados a los fines de otra u otras acusaciones por el mismo delito que fueran sobreseídas por no haberse celebrado el juicio dentro del tér-mino fijado por ley” ... la nueva acción o el nuevo proceso debe ser instado dentro del término prescriptivo, computado a partir de la comisión de los hechos imputados. La anterior determi-nación de causa probable para el arresto, que inició la acción que fue luego desestimada, no interrumpió el término prescriptivo. Así, pues, cuando se imputa un delito grave, se determina causa probable para el arresto dentro del término prescriptivo, y luego se desestima la acusación bajo la Regla 64(n) de Procedimiento Criminal —violación a los términos de juicio rápido — , desestimación que no tiene efecto de impedir un nuevo proceso, la nueva acusación o el nuevo procedi-miento debe ser iniciado dentro del término prescriptivo *246 correspondiente. (Escolios omitidos.) Cbiesa, op. cit., págs. 58-59.(18)
De igual forma, la profesora Olga E. Resumil concluye que la prescripción constituye un impedimento para el co-mienzo de otro proceso, aunque sea por el mismo delito que fue desestimado originalmente por violación a los términos de enjuiciamiento rápido. Aún aplicando la normativa de Pueblo v. Ortiz Díaz, supra, la profesora Resumil razona lo siguiente:
En interpretación de las Reglas 66 y 67 de las de Procedi-miento Criminal el Tribunal estableció en Ortiz Díaz que el transcurso del término prescriptivo constituye la única limita-ción a la facultad del Ministerio Público para reradicar una acusación por delito grave así desestimada.
La doctrina expuesta opera como un mecanismo a favor del Estado para evitar los efectos de la prescripción cuando no ha existido justa causa para sostener la dilación en la presenta-ción o tramitación del proceso. (Escolios omitidos.) O.E. Resu-mil de Sanfilippo, Práctica jurídica de Puerto Rico: derecho procesal penal, Orford, Ed. Butterworth, 1990, T. II, págs. 229-230.
Vemos así que tanto la ley como nuestra jurisprudencia y las recomendaciones de los académicos señalan, sin lugar a dudas, que para determinar si el delito ha prescrito, el cómputo debe hacerse siempre desde la comisión de los he- *247 chos imputados hasta la fecha de la nueva presentación de la acción.
1 — 1 h — I 1 — 1
En este caso, el recurrido solicitó la desestimación de la causa en su contra por fundamentos de prescripción ante el hecho de que habían transcurrido más de cinco años desde la comisión del delito y la segunda acusación presentada por el Ministerio Público. Los hechos imputados ocurrieron el 24 de octubre de 1997. El Ministerio Público presentó la denuncia oportunamente, interrumpiendo así el término prescriptivo de la acción; luego de la vista preliminar, se presentó una acusación. Más de cuatro años después, sin haberse señalado el caso para juicio, se enmendó la acusa-ción para alegar reincidencia agravada. Meses después de esto se pautó la vista en su fondo, pero el Ministerio Pú-blico anunció que no estaba preparado. Así pues, el Tribunal de Primera Instancia desestimó la acusación por viola-ción a los términos de enjuiciamiento rápido a instancia del recurrido, por no haberse celebrado el juicio en los ciento veinte días de haber sido presentada la acusación, según dispuesto por las Reglas de Procedimiento Penal. Este tracto procesal evidencia un cuadro de dilaciones in-justificadas y negligencia por parte del Ministerio Público que correctamente culminó con la desestimación de la causa.(19) Luego de esto, el Ministerio Público presentó otra acusación por el mismo delito imputando los mismos he-chos delictivos.(20) El recurrido alegó entonces que no pro- *248 cedía en nuevo proceso en su contra por defectos insubsa-nables, en particular, que el delito había prescrito.
Lo anterior nos lleva, forzosamente, a concluir que ac-tuaron correctamente tanto el Tribunal de Primera Instan-cia al desestimar la primera acción como el Tribunal de Apelaciones al confirmar esa determinación. Por los funda-mentos expuestos tanto en Pueblo v. Carrión Rivera, supra, como en Pueblo v. Camacho Delgado, supra, también actuaron correctamente los foros inferiores al desestimar la segunda acción, pues para el 22 de diciembre de 2003, fecha cuando el Ministerio Público presentó la segunda acusación, había transcurrido más de cinco años desde la comisión de los hechos imputados.
Más allá de su proceder negligente y este cuadro de dilaciones que, de ninguna manera son imputables al acu-sado, los argumentos de derecho del Ministerio Público son equivocados. Nuestra decisión en Pueblo v. Vallone, Jr., supra, no aplica al caso de autos. Allí resolvimos que no era necesario volver a las etapas previas de determinación de causa probable para el arresto y la causa probable para acusar, tomando en cuenta la naturaleza particular de la vista preliminar en alzada. La determinación de “no causa” en la vista preliminar original no pone fin al proceso y el acusado no queda exonerado de los cargos en su contra hasta que el Ministerio Público tenga la oportunidad de revisar el dictamen del tribunal, ya que la resolución de la vista en alzada es final. Esta situación se distingue clara-mente de la desestimación de la causa por la Regla 64(n), supra, que sí pone fin a la acción, según hemos resuelto en Pueblo v. Camacho Delgado, supra, y Pueblo v. Carrión Rivera, supra.
Tampoco tiene razón el Ministerio Público al sostener que Pueblo v. Vallone, Jr., supra, revocó a Pueblo v. Lugo, supra. La frase que dispone que la norma de Lugo queda modificada “en lo pertinente”, ya no tiene sentido en nues-tro ordenamiento, si se hace una lectura integrada de la *249 jurisprudencia. Vallone, Jr., no resuelve la situación de una desestimación de la acusación, como lo hizo Lugo, sino que atiende a los efectos de una determinación de “no causa” en la etapa de vista preliminar. Claro está, que al momento de resolverse Lugo no existía un procedimiento paralelo a la vista preliminar. Una determinación de “no causa para acusar” no pone fin a la acción, y el imputado aún está sujeto a trámites ulteriores, pues, como vimos, la vista original y la vista preliminar en alzada son partes de un mismo y continuo proceso judicial. Así pues, no se afecta la interrupción del término prescriptivo si en la vista prelimi-nar en alzada se determina causa probable para acusar por el delito original o uno menor incluido. Sobre los efectos de la vista en alzada es que Lugo quedó modificado, pero no revocado.
Por otra parte, luego de Pueblo v. Camacho Delgado, supra, es forzoso concluir que, como la desestimación de la causa anula o cancela la interrupción de la prescripción, los efectos de la norma de Pueblo v. Lugo, supra, sobre la prescripción quedan restablecidos. Las acciones desestimadas por violación a los términos de enjuiciamiento rápido no pueden interrumpir el término prescriptivo de una nueva acción, la cual debe iniciarse en el término establecido por ley, contado desde que se cometen de los hechos imputados. No hay fundamento legal ni indicio alguno en nuestro ordenamiento procesal en materia penal que sostenga la alegación del Ministerio Público de que la prescripción debe calcularse de otra manera. La ley dispone claramente que la facultad autolimitadora del Estado obliga a traer la acción contra el imputado de delito en este término.
Por los fundamentos antes expuestos, confirmamos las determinaciones del Tribunal de Primera Instancia y del Tribunal de Apelaciones y resolvemos que no procede la se-gunda acción por haber transcurrido el término prescrip-tivo.

*250
Se dictará sentencia de conformidad.

La Jueza Asociada Señora Rodríguez Rodríguez emitió una opinión disidente.

 El Artículo 79 del anterior Código Penal disponía que: “El término de pres-cripción se computará desde el día de la comisión del delito hasta la fecha en que se expida el mandamiento de arresto o de citación.” 33 L.P.R.A. sec. 3413 (ed. 2001). La jurisprudencia interpretativa es igualmente aplicable según el Artículo 101 del nuevo Código Penal de 2004, pues dispone que: “El término de prescripción se com-putará desde el día de la comisión del delito hasta la fecha en que se determine causa probable para el arresto o citación.” 33 L.P.R.A. sec. 4729.

 Sin embargo, la determinación de “no causa” para acusar en la vista preli-minar original no pone fin al proceso contra el imputado, pues el Ministerio Público tiene un “segundo turno al bate”. Esta vista preliminar en alzada es “independiente, separada y distinta”; sin embargo, es parte del mismo proceso, pese a que el acusado queda “exonerado” de los cargos en su contra. Pueblo v. Vallone, Jr., 133 D.P.R. 427 (1993); Pueblo v. Félix Avilés, 128 D.P.R. 468 (1991); Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984); Pueblo v. Tribunal Superior, 96 D.P.R. 237 (1968).

 Asimismo, el sobreseimiento de la causa penal, según la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, pone fin al proceso particular contra el impu-tado, y en algunas circunstancias es impedimento para el comienzo de otro proceso por los mismos hechos. Así lo dispone específicamente el inciso (d). Sobre el efecto de la desestimación y el sobreseimiento como impedimento para comenzar un nuevo proceso, véase E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, T. III, Secs. 26.3-26.4.

 Véase además, Pueblo v. Camacho Delgado, 175 D.P.R. 1 (2008); Pueblo v. Carrión, supra.

 El escolio 5 de Pueblo v. Vallone, Jr., supra, págs. 435-436, dispone que Pueblo v. Lugo, supra, queda “modificadlo] en lo pertinente”. Se refiere a la enuncia-ción en Lugo de que “la segunda acusación debe considerarse como el comienzo de un nuevo proceso”, pues en Vallone resolvimos que la vista original y la vista preliminar en alzada son dos vistas independientes, separadas y distintas, pero partes de un mismo y continuo proceso judicial.

 En Pueblo v. Camacho Delgado, supra, revocamos Pueblo v. Ortiz Díaz, supra, y atendimos las preocupaciones del Juez Asociado Señor Ramírez Bages. Véase esta discusión más adelante.

 Véase Pueblo v. Oliver Frías, 118 D.P.R. 285 (1987), que resolvió que surge un problema de prescripción cuando el delito por el cual se encontró causa probable para el arresto es no es el mismo ni es un delito menor incluido en aquel por el cual el acusado fue hallado culpable. Véase, además, Chiesa Aponte, op. cit., págs. 60-62.

 Lo dispuesto en Pueblo v. Vallone, Jr., supra, pág. 431, que “la prescripción en el derecho penal no responde a precepto alguno de orden constitucional, sino a un acto de gracia legislativa cuyo origen es puramente estatutario” (énfasis suprimido), naturalmente se refiere al término dispuesto por ley, pues en United States v. Marión, 404 U.S. 307, 322-323 (1971), el Tribunal Supremo federal reconoció que los estatutos de prescripción, además de otros propósitos, garantizan al individuo un juicio justo. Véase O.E. Resumil de Sanfilippo, Práctica jurídica de Puerto Rico: derecho procesal penal, Orford, Ed. Butterworth, 1993, Vol. II, pág. 220.

 Luego de la aprobación de las Reglas de Procedimiento Criminal de 1963, actualizamos estas expresiones para aclarar que la presentación de la acusación ya no es el momento cuando comienza la acción penal y que la definición de la acusación que brindan las reglas procesales no pretende establecer límites para la prescripción del delito. Pérez Vega v. Tribunal Superior, 93 D.P.R. 749 (1966).

 “De ahí que, a la hora de estructurar temporalmente un proceso, se pro-duzca la colisión de dos necesidades antagónicas. Por una parte, el parámetro temporal mínimo que el juicio exige para poder desarrollarse, para que efectivamente en él se realice el derecho. Por otra, la exigencia de que la actividad jurisdiccional no se prolongue hasta el punto de hacer ineficaz su resultado.” C. Riba Trepat, La eficacia temporal del proceso: el juicio sin dilaciones indebidas, Barcelona, Ed. Bosch, 1997, pág. 16.

 Véase Resumil, op. cit., págs. 249-250, y, en particular, el escolio 32.

 “Dentro de los componentes básicos del debido proceso de ley en su vertiente procesal penal, hemos expresado que, de ordinario, el único término que ‘obliga’ al Estado actuar es el término prescriptivo que el ordenamiento señala para los delitos." Pueblo v. Esquilín Maldonado, 152 D.P.R. 257, 262 (2000). Luego pasamos a resolver que una dilación innecesaria en la presentación de la denuncia también puede constituir una violación al debido proceso de ley.

 Posteriormente, en United States v. Ewell, 383 U.S. 116 (1966), el Tribunal Supremo federal resolvió que el derecho constitucional a un juicio rápido tiene el propósito de reducir la posibilidad que una larga tardanza menoscabe los medios de defensa del acusado.

 A esos efectos dispusimos en Pueblo v. Camacho Delgado, supra, págs. 19-20, como sigue:
“Convencidos, pues, de que la norma establecida en Pueblo v. Ortiz Díaz, supra, no se ajusta a las necesidades de la sociedad donde vivimos actualmente ni responde a una concepción correcta de la intención de las Reglas de Procedimiento Criminal en esta materia, la dejamos sin efecto. Continuar aplicando esta norma tendría el efecto nocivo de restarle importancia a la Regla 64(n), supra, y su regulación estatutaria del derecho a un enjuiciamiento rápido en Puerto Rico, ya que ‘una vez infringida, lo único que [el Ministerio Público tendría] que hacer es esperar el día en que se va a presentar la moción [de desestimación] y radicar una nueva acusación’. No podemos avalar esta práctica.” (Cita omitida y corchetes en el original.)

 Luego de la implementación de las Reglas de Procedimiento Criminal de 1963, este Tribunal ha instituido varios comités compuestos por miembros de la academia y abogados practicantes, con el fin de proponer un nuevo proyecto de reglas procesales en materia penal, que recopilara las interpretaciones jurisprudenciales y requisitos constitucionales que se habían ido introduciendo en nuestro ordenamiento procesal a través de las décadas.

 Aunque el informe señala que parte de la norma propuesta se trae como “codificación” de Pueblo v. Ortiz Díaz, supra, las sugerencias del Comité sobre el cómputo del término prescriptivo son independientes de los fundamentos del caso revocado.

 “Una resolución que declara ‘con lugar’ una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos de que se haya desestimado con anterioridad en más de una ocasión por cualquiera de los fundamentos de la Regla 402(o) [términos de enjuiciamiento rápido] y cuando el tribunal determine que la última desestimación impide un nuevo proceso.” Regla 425(a) del Informe de Reglas de Procedimiento Criminal, Secretariado de la Confe-rencia Judicial, 1993, pág. 251.
El impedimento para comenzar un nuevo proceso penal, cuando se haya deses-timado los cargos con anterioridad en más de una ocasión por violación a los térmi-nos de enjuiciamiento rápido, se recomendó por primera vez en el informe sometido para la Conferencia Judicial en 1978 recogiendo, a su vez, lo resuelto en Pueblo v. Montezuma Martínez, 105 D.P.R. 710 (1977). Véase el Informe sobre Reglas de Pro-cedimiento Criminal de Puerto Rico, Secretariado de la Conferencia Judicial, 1978, pág. 118. Véanse, además: Pueblo v. Monge Sánchez, 122 D.P.R. 590 (1988); D. Ne-vares-Muñiz, Sumario de derecho procesal penal puertorriqueño, San Juan, Ed. Inst. para el Desarrollo del Derecho, 2007, pág. 107.

 Cónsono con lo que en su día resolvimos en Pueblo v. Camacho Delgado, el profesor Chiesa, op. cit., pág. 59 esc. 135, concluye, además, que:
“La iniciación del nuevo proceso debía hacerse mediante nueva determinación de causa probable para el arresto dentro del término prescriptivo correspondiente. Sin embargo, en Pueblo v. Ortiz Díaz, ... el Tribunal Supremo resolvió que ‘era inne-cesario e inoficioso volver a procedimientos preliminares de la determinación de causa probable cuando ordenó una nueva radicación ...’. Estimo que tenían razón los disidentes al estimar que ‘antes de presentar una segunda acusación procedía la denuncia y orden de arresto o citación ... y la celebración de vista preliminar’. De otra manera, en Ministerio Público no es penalizado en modo alguno con la desesti-mación por violación a los términos de juicio rápido, y meramente presenta de nuevo la acusación sin ulterior consecuencia.” (Citas omitidas.)

 No hay justificación alguna que suija del expediente y tampoco hay razones para creer que es razonable una dilación de cuatro años para alegar reincidencia, un hecho que surge claramente de una sentencia final y firme de un caso archivado en los archivos del Ministerio Público.

 Según la norma de Pueblo v. Camacho Delgado, supra, para iniciar una nueva acción es necesaria una nueva determinación de causa probable para el arresto.