ASOCIACIÓN DE FARMACIAS DE LA COMUNIDAD DE PUERTO RICO, recurrida, *v.* CARIBE SPECIALTY, NOVA INFUSION COMPOUNDING PHARMACY y SPECIAL CARE PHARMACY, peticionarios.

*Número:* CC-2009-783      *Resuelto:* 19 de mayo de 2010

*Jeannette Arias Pérez*, de *Jeannette Arias Law Offices, PSC*, abogada de la Asociación Puertorriqueña de Farmacias de Servicios Especializados de Salud, Inc.

## RESOLUCIÓN

Examinada la Petición para Comparecer como Amicus Curiae, presentada por la Asociación Puertorriqueña de Farmacias de Servicios Especializados de Salud, Inc., *se provee "no ha lugar".*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular disidente, al cual se unió el Juez Presidente Señor Hernández Denton.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

— O —

Voto particular disidente emitido por la Juez Asociada Señora Rodríguez Rodríguez, al que se une el Juez Presidente Señor Hernández Denton.

Disiento de la determinación del Tribunal de denegar la comparecencia de la Asociación Puertorriqueña de Farmacias de Servicios Especializados de Salud, Inc., como amigo de la corte en este caso. La controversia que nos ocupa gira

en torno a la interpretación que hace el Departamento de Salud de la Ley de Farmacia de 2004, Ley Núm. 247 de 3 de septiembre de 2004 (20 L.P.R.A. sec. 407 *et seq.*), de que es una práctica contraria a dicha ley el dispensar medicamentos a los pacientes por conducto de personal no farmacéutico. Como resultado de esta interpretación, el Departamento de Salud le ordenó a los peticionarios en este caso el cese y desista de la referida práctica. Esta determinación fue confirmada por el foro apelativo intermedio.

Considero que la decisión tomada por este Tribunal hoy, no se ajusta a lo que ha sido nuestra norma sobre la comparecencia de amigos de la corte. Sabido es que este tipo de comparecencia no es por derecho, sino que está sujeta a la sana discreción de este Foro. Véase, entre otros, *Hernández Torres v. Hernández Colón et al.*, 127 D.P.R. 974, 977 (1991). En el caso normativo *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 129 (1980), indicamos que "[s]u autorización ... debe responder ... a la necesidad del tribunal y a su propósito de estar mejor informado para hacer la más cumplida justicia". En esta tarea, el Tribunal debe tomar en consideración, "entre otros factores, el interés público del asunto bajo consideración, lo novel de las cuestiones planteadas, *el alcance de la adjudicación que haya de hacerse en cuanto a terceros que no son parte en el litigio*, las cuestiones de política pública que puedan estar planteadas, la magnitud de los derechos que puedan estar en juego, etc. No puede haber criterios fijos limitativos ni particularizadores de los factores a tomarse en consideración". (Énfasis nuestro.) Íd. Claro está, el amigo de la corte no puede convertirse en una parte en el litigio. "El amigo de la corte puede ser el amigo de una causa, pero ante todo debe ser el amigo y servidor de la causa de la justicia." Íd.

Al sopesar los criterios antes esbozados, me resulta forzoso concluir que se debe acceder a la solicitud de comparecencia en este caso. Si bien es cierto que el escrito presentado por la Asociación Puertorriqueña de Farmacias de

Servicios Especializados de Salud, Inc. es un tanto parco y lacónico respecto a los fundamentos para la concesión de su petición, en éste sí se nos señala que sus miembros se verían afectados por la determinación final que tome este Tribunal habida cuenta de que éstos también utilizan personal no farmacéutico para dispensar medicamentos a sus pacientes. Por lo tanto, es claro que éstos se verían afectados por el dictamen final que emitamos. Tomando ello en consideración, al igual que los otros factores esbozados en *Pueblo ex rel. L.V.C.*, ante, accedería a la petición y le ordenaría a la Asociación de Farmacias de Servicios Especializados de Salud que nos ilustrara en torno a dicha práctica, el por qué de ésta, a qué obedece su implementación, cómo se afectaría la industria de prevalecer la determinación administrativa, cómo se benefician o perjudican sus pacientes, cómo se atiende esta situación en otras jurisdicciones, etc.

Disiento del dictamen mayoritario.