EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Farmacias de la Comunidad de Puerto Rico<br><br>    Recurridos<br><br>        v.<br><br>Caribe Specialty; Nova Infusion Compounding Pharmacy; Special Care Pharmacy<br><br>    Peticionarios | Certiorari<br><br>2010 TSPR 75<br><br>179 DPR \_\_\_\_ |

Número del Caso: CC-2009-783


Fecha: 19 de mayo de 2010


Tribunal de Apelaciones:

        Región Judicial de San Juan

Jueza Ponente:      Hon. Aleida Varona Méndez

Abogados de la Parte Peticionaria:

                Lcdo. Nelson Pérez Domínguez
                Lcdo. Luis A. Ortiz López

Abogados de la Parte Recurrida:

                Lcdo. Carlos M. Declet Jiménez
                Lcda. Arlene D. Villali González

*Petición de Amicus Curiae:*

                Lcda. Jeannette Arias Pérez

Materia: Violación a la ley de certificados de necesidad y conveniencia, Violación a la nueva ley de farmacia, Violación A la ley reforma


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Farmacias de
la Comunidad de Puerto Rico

    Recurridos

       v.                    CC-2009-783    Certiorari

Caribe Specialty; Nova Infusion
Compounding Pharmacy; Special
Care Pharmacy

    Peticionarios

RESOLUCIÓN

San Juan, Puerto Rico, a 19 de mayo de 2010.

        Examinada la *Petición para Comparecer como Amicus Curiae* presentada por la Asociación Puertorriqueña de Farmacias de Servicios Especializados de Salud, Inc., se provee no ha lugar.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto particular disidente al cual se une el Juez Presidente señor Hernández Denton.

                       Aida Ileana Oquendo Graulau
                       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Farmacias de la
Comunidad de Puerto Rico

     Recurrido

        v.                              CC-2009-783

Caribe Specialty; Nova Infusion
Compounding Pharmacy; Special
Care Pharmacy

     Peticionarios


Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une el Juez Presidente señor Hernández Denton


San Juan, Puerto Rico, a 19 de mayo de 2010

Disiento de la determinación del Tribunal de denegar la comparecencia de la Asociación de Farmacias de Servicios Especializados de Salud, Inc., como amigo de la corte en este caso. La controversia que nos ocupa gira en torno a la interpretación que hace el Departamento de Salud de la Ley de Farmacia de 2004, Ley Núm. 247 de 3 de septiembre de 2004, 20 LPRA secs. 407 et seq., de que es una práctica contraria a dicha ley el dispensar medicamentos a los pacientes por conducto de personal no farmacéutico. Como resultado de esta interpretación, el Departamento de Salud le

ordenó a los peticionarios en este caso el cese y desista de la referida práctica. Esta determinación fue confirmada por el foro apelativo intermedio.

Considero que la decisión tomada por este Tribunal en el día de hoy, no se ajusta a lo que ha sido nuestra norma sobre la comparecencia de amigos de la corte. Sabido es que este tipo de comparecencia no es por derecho sino que está sujeta a la sana discreción de este Foro. *Véase*, entre otros, *Hernández Torres v. Hernández Colón*, 127 D.P.R. 974, 977 (1991). En el caso normativo *Pueblo ex rel. L.V.C.,* 110 DPR 114, 129 (1980), indicamos que "[s]u autorización … debe responder, … a la necesidad del tribunal y a su propósito de estar mejor informado para hacer la más cumplida justicia". En esta tarea, el Tribunal debe tomar en consideración, "entre otros factores, el interés público del asunto bajo consideración, lo novel de las cuestiones planteadas, **el alcance de la adjudicación que haya de hacerse en cuanto a terceros que no son parte en el litigio**, las cuestiones de política pública que puedan estar planteadas, la magnitud de los derechos que puedan estar en juego, etc. No puede haber criterios fijos limitativos ni particularizadores de los factores a tomarse en consideración". *Íbid.* (Énfasis nuestro). Claro está, el amigo de la corte no puede convertirse en una parte en el litigio. "El amigo de la corte puede ser el amigo de una causa, pero ante todo debe ser el amigo y servidor de la causa de la justicia." *Íbid*.

Al sopesar los criterios antes esbozados, me resulta forzoso concluir que se debe acceder a la solicitud de comparecencia en este caso. Si bien es cierto que el escrito presentado por la Asociación de Farmacias de Servicios Especializados de Salud es un tanto parco y lacónico respecto a los fundamentos para la concesión de su petición, en éste sí se nos señala que sus miembros se verían afectados por la determinación final que tome este Tribunal habida cuenta de que éstos también utilizan personal no farmacéutico para dispensar medicamentos a sus pacientes. Por lo tanto, es claro que éstos se verían afectados por el dictamen final que emitamos. Tomando ello en consideración, al igual que los otros factores esbozados en *Pueblo ex rel. L.V.C., ante,* accedería a la petición y le ordenaría a la Asociación de Farmacias de Servicios Especializados de Salud que nos ilustrara en torno a dicha práctica, el por qué de la misma, a qué obedece su implementación, cómo se afectaría la industria de prevalecer la determinación administrativa, cómo se benefician o perjudican sus pacientes, cómo se atiende esta situación en otras jurisdicciones, etc.

Disiento del dictamen mayoritario.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada