RESOLUCIÓN
Examinada la Moción de la ACLU Solicitando Autoriza-ción y Tiempo para Comparecer como Amicus Curiae, pre-sentada por la American Civil Liberties Union (ACLU) el 9 de diciembre de 2013, se declara “no ha lugar”. Conforme al derecho vigente y la controversia específica que tenemos ante nuestra consideración en el caso de epígrafe, esa soli-citud resulta improcedente.
En Pueblo ex rel. L.V.C., 110 DPR 114 (1980), tuvimos la oportunidad de expresarnos por primera vez sobre la fi-gura del amicus curiae. En lo pertinente, expresamos que aunque los orígenes de esa figura no son del todo claros, en principio se conceptualizó como un ente neutral dentro del proceso litigioso, sin interés en la causa de acción llevada ante el tribunal. Id., pág. 127. No obstante, con el paso del tiempo la concepción del amigo de la corte ha ido amplián- *1025 dose para aceptar que la comparecencia sea activa en de-fensa de ciertos intereses públicos o privados. íd.
Así, la figura del amicus curiae sirve para propiciar que el tribunal, “en vez de limitarse a las consecuencias inme-diatas de su decisión para las partes litigantes, pondere, con mayor detenimiento, las repercusiones que la norma jurídica planteada tendría para otras partes interesadas”. (Enfasis suprimido). Gorbea Vallés v. Registrador, 133 DPR 308, 312 (1993). Véase, además, Pueblo v. González Malavé, 116 DPR 578, 596 (1985).
Ahora bien, el nombramiento de un amicus curiae es una determinación discrecional del tribunal. Pueblo v. González Malavé, supra, pág. 591. Cónsono con ello, la autorización a comparecer como amigo de la corte debe responder a la ne-cesidad del Tribunal de estar mejor informado para atender adecuadamente la controversia específica ante nuestra consideración, más allá del interés particular del solicitante. Al respecto, en Hernández Torres v. Hernández Colón et al., 127 DPR 974, 977 (1991), recogimos las características que nuestra jurisprudencia ha englobado en la figura del amigo de la corte. Así, establecimos que
(a) su comparecencia no es de derecho, sino que está sujeta a la sana discreción del Tribunal; (b) se justifica su participación en aquellos casos que estén revestidos de interés público; (c) su comparecencia debe responder principalmente a las necesi-dades del Tribunal de estar informado más que al mismo in-terés del amicus curiae, y (d) el amicus curiae, no puede con-vertirse en una parte del litigio. (Énfasis suplido). Id.
De esa forma, podemos concluir que la intervención de un amigo de la corte no es un derecho, sino que se trata de una intervención permitida, según dicte la sana discreción del tribunal, con el objetivo de ilustrar al tribunal sobre el derecho aplicable a la controversia, según ello se requiera. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 801. La función de un amigo de la corte no es acudir al tribunal a vindicar derechos. Id.
*1026 En el caso de epígrafe, el 17 de julio de 2013 emitimos una Resolución mediante la cual acogimos el recurso de Certificación Interjurisdiccional presentado por la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico. En aquella ocasión, específicamente dispusimos que “[s]e emite un auto de certificación para auscultar únicamente si las leyes de Puerto Rico permiten la existencia de calles privadas”. íd. (Énfasis suplido). Siendo así, emitimos la certificación para considerar exclusivamente una contro-versia relacionada a las materias de derechos reales y de-recho registral inmobiliario.
En la moción presentada, la ACLU expone que su com-parecencia como amigo de la corte “en consideración a su larga trayectoria en la defensa de los derechos y libertades civiles de todos los ciudadanos, asistirá a este Honorable Tribunal a estar más informado sobre las cuestiones plan-teadas sin convertirse en una parte en la controversia”. (Én-fasis suplido). Véase Moción de la ACLU Solicitando Autori-zación y Tiempo para Comparecer como Amicus Curiae, pág. 3. Así, la ACLU ofrece comparecer como amigo de la corte a fin de ilustrar a este Tribunal en temas relacionados a derecho constitucional, lo cual resulta innecesario en este caso, porque la controversia se relaciona con las materias de derechos reales y derecho registral inmobiliario. El asunto constitucional que planteaba este caso no se nos planteó. De hecho, el 7 de septiembre de 2012, en el caso CT-2012-10, rechazamos expresamente adentramos en la controversia constitucional, porque ya el Tribunal de Apelaciones para el Primer Circuito había emitido su decisión sobre ese asunto. Watchtower v. Sagardía De Jesús, 634 F.3d 3, 11-12 (1er Cir. 2011). La controversia de este caso surge mientras se implementaba la decisión de ese foro.
En consideración a lo anterior, no se cumplen los factores que enumera nuestra jurisprudencia para que proceda una petición de amigo de la corte. Gorbea Vallés v. Registrador, supra; Hernández Torres v. Hernández Colón et al., supra; Pueblo v. González Malavé, supra; Pueblo ex rel. *1027 L.V.C., supra. Por ello, declaramos “no ha lugar”la Moción de la ACLU Solicitando Autorización y Tiempo para Comparecer como Amicus Curiae.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada Señora Fiol Matta concu-rrió con el resultado e hizo constar las expresiones siguien-tes:
Reconozco el interés que la ACLU pueda tener en la contro-versia ante nuestra consideración, pero, entiendo que su com-parecencia no es necesaria para que este Tribunal resuelva la controversia certificada, como tampoco me parece necesaria la participación de DBR Dorado Owner, LLC, Coco Beach Maintenance, Inc., y Serrallés Hotel, Inc. Ahora bien, una vez una mayoría de este Tribunal aceptó que esas compañías dueñas de complejos residencíales-hoteleros participaran como amigos de la corte, entendí prudente invitar al Departamento de Justicia para que expusiera la posición del Estado sobre la controversia. Con ello se asegura que tengamos ante nuestra consideración las diferentes interpretaciones y posturas sobre lo que es una cuestión de estricto derecho local. Siendo ello así, no procede conceder la petición de la ACLU.
El Juez Asociado Señor Estrella Martínez concurrió con el resultado e hizo constar las expresiones siguientes:
Concurro con declarar “no ha lugar” la solicitud de la American Civil Liberties Union (ACLU) para comparecer como ami-cus curiae en el caso de epígrafe, al igual que lo hice cuando idéntica solicitud fue formulada por DBR Dorado Owner, L.L.C., Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc. Es mi criterio que la controversia que este Tribunal tiene ante su consideración es puramente de derecho local que se limita a resolver si las leyes de Puerto Rico permiten o no la existencia de calles privadas. La comparecencia de la ACLU, aunque bien intencionada, tiene otra dimensión, a saber: en torno a asuntos relacionados a la libertad de expresión y libertad de religión en Puerto Rico. Ciertamente, la ACLU es una organi-zación que se ha destacado en la defensa de los derechos y libertades civiles; sin embargo, su comparecencia en esta con-troversia no es determinante para la adecuada adjudicación del asunto ante nuestra consideración. Igual razonamiento utilicé cuando DBR Dorado Owner, L.L.C., Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc. presentaron su solicitud *1028 de amicus curiae, por lo que he sostenido que tampoco proce-día la intervención de éstos en el caso ante este Tribunal. Así, ha sido mi postura que este Tribunal debe enfocarse en el ver-dadero asunto ante nuestra consideración para disponerlo de la forma más eficiente.
La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular disidente, al que se unió el Juez Presi-dente Señor Hernández Denton.
(Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo